WANDA RIVERA BRICEÑO, querellante y recurrida, *v.* PEDRO JUAN RODRÍGUEZ, por sí y en representación de la SOCIEDAD LEGAL DE GANANCIALES, coquerellado y recurrente.

*Número:* CE-88-130          *Resuelto:* 20 de diciembre de 1991

*José Roberto Feijoó*, abogado del recurrente; *Rafael Elvira* y *Fernando H. Cruz Tollinche*, abogados de la recurrida; *Wanda Rivera Briceño, pro se*; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General*, y *Miriam Álvarez Archilla, Procuradora General Auxiliar*, abogados del Departamento de Servicios Sociales.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

La querellante Wanda Rivera Briceño, empleada del Departamento de Servicios Sociales (D.S.S.), presentó una acción en el Tribunal Superior de Puerto Rico, Sala de Ponce, al amparo de la Ley Núm. 100 de 30 de junio de 1959, que prohíbe el discrimen en el empleo (29 L.P.R.A. secs. 146–151) y de la Ley Núm. 69 de 6 de julio de 1985, contra el discrimen laboral por razón de sexo (29 L.P.R.A. sec. 1321 *et seq.*). Alegó que su crecimiento profesional en el D.S.S. se vio afectado como consecuencia del discrimen político y hostigamiento sexual al cual presuntamente "[fue] sometida por parte del [co-]querellado Pedro Juan Rodríguez" (*Exhibit* III, pág. 1) gerente del Programa de Asistencia Nutricional adscrito al D.S.S. en Santa Isabel. Como nunca fue despedida de su empleo ni tampoco el D.S.S. le redujo su salario por el período de tiempo que trabajó allí, la señora Rivera Briceño únicamente reclamó $75,000 en daños por las "angustias y sufrimientos morales" que alegadamente le produjo la conducta discriminatoria imputada a su superior, el señor Rodríguez. Para que la "contienda [laboral] en su fondo qued[ara] trabada prontamente" (*Matos Velázquez v. Proc-*

*tor Manufacturing Corp.*, 91 D.P.R. 45, 50 (1964)), Rivera Briceño instó la reclamación a base del procedimiento especial, de carácter sumario, dispuesto por la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. secs. 3118–3132).

Luego del descubrimiento de prueba, el co-querellado Rodríguez sometió a la consideración del tribunal de instancia una "Moción Solicitando [la] Desestimación Parcial [de la Querella]". En síntesis, argumentó en la misma que las Leyes Núm. 100, ante, y Núm. 69, ante, bajo las cuales la querellante radicó su causa de acción, no autorizan la concesión de una compensación por sufrimientos y angustias mentales. La moción desestimatoria fue declarada con lugar. Sin embargo, al resolverla, el juez de instancia motu proprio determinó que dos (2) de las aseveraciones de hecho contenidas en la querella presentada por la señora Rivera Briceño eran "suficiente [en derecho] para establecer una acción de daños y perjuicios bajo el Artículo 1802 del Código Civil".(¹) *Exhibit* I, pág. 5. De modo que el tribunal de instancia, no obstante desestimar la acción de daños compensatorios (por angustias y sufrimientos mentales) al amparo de las Leyes Núms. 100 y 69, ante, ordenó "la continuación de los trámites del caso con la acción por discrimen bajo las citadas Leyes 100 y 69, con la reclamación de los daños específicos que dichas leyes proveen, y la acción de daños por sufrimientos y angustias mentales bajo el artículo 1802 de nuestro Código Civil". *Exhibit* I, pág. 6.

El co-querellado Rodríguez solicitó del tribunal de ins-

---

(¹) Las alegaciones leen como sigue:

"6. Que el querellado PEDRO JUAN RODRÍGUEZ ha hecho manifestaciones en contra del buen nombre de la querellante, ha mantenido una conducta de solicitu[d] de requerimientos amorosos y hostigamiento sexual, y manteniendo un ambiente hostil de trabajo para con ésta, llevando a cabo manifestaciones de muy mal gusto en referencia a la querellante, conducta que ha venido ocurriendo durante los últimos seis años.

"7. Que el querellado PEDRO JUAN RODRÍGUEZ le ha hecho invitaciones reiteradas a la querellante, que ésta ha rechazado, inclusive ha intentado contacto físico en diferentes ocasiones con la querellante, lo cual ésta ha tenido que rechazar en forma enérgica." *Exhibit* III, pág. 1.

tancia la reconsideración de la determinación sobre la existencia de una causa de acción bajo el Art. 1802 del Código Civil, 32 L.P.R.A. sec. 5141 . A su parecer, la resolución emitida era improcedente por razón de que la querella de la señora Rivera Briceño no sólo invoca dos legislaciones especiales que configuran un remedio exclusivo de compensación, sino que, en adición, se tramita en virtud del procedimiento sumario de la Ley Núm. 2, ante, la cual, al limitar marcadamente la etapa de descubrimiento de prueba, alegadamente es incompatible con una acción ordinaria de daños y perjuicios. A esta solicitud de reconsideración el foro de instancia proveyó no ha lugar. Sin embargo, atendiendo parte de los reclamos de la representación legal del mencionado co-querellado, el tribunal dictaminó que siendo la acción bajo el Art. 1802 del Código Civil, ante, una de carácter ordinario, se proponía conceder un término razonable a la parte demandada para efectuar descubrimiento de prueba. Inconforme, el co-querellado Rodríguez presentó una petición de *certiorari* ante este Foro.([2]) Expedimos el auto solicitado.

---

([2]) "ERRORES Y CUESTIONES DE DERECHO PLANTEADAS

"1. Erró el Honorable Tribunal al determinar por una inferencia impermisible que puede consolidarse bajo el Procedimiento Especial establecido en la Ley 2 del 17 de octubre de 1961 una acción ordinaria de daños y perjuicios bajo el Artículo 1802 del Código Civil, la cual no es alegada por la querellante y surge de los mismos hechos que dan base a la Querella.

"2. Erró el Tribunal al enmendar sua sponte una Querella mediante una conclusión de hechos especulativa y determinar que la parte querellante podía tener derecho a una acción por daños y perjuicios bajo el Artículo 1802 del Código Civil.

"3. Erró el Tribunal al determinar que existe una acción ordinaria de daños y perjuicios en la querella que invoca dos legislaciones especiales que configuran un remedio exclusivo de compensación (Ley 100 y 69) e invoca un procedimiento sumario especial (Ley Núm. 2 de 17 de octubre de 1961) que solamente es compatible con trámites bajo este tipo de legislación protectora dejando huérfano al querellado-recurrente de un completo descubrimiento de prueba, violentando así el debido procedimiento de ley y la igual protección de las leyes." Petición de *certiorari*, págs. 3–4.

# I

Primero, aclaramos que la causa de acción por discrimen ejercitada en este caso al amparo de la Ley Núm. 100, ante, según enmendada, *no* está disponible para la señora Rivera Briceño.

"La referida Ley Núm. 100, como es sabido, impone responsabilidad civil 'por una suma igual al doble de importe de los daños que el acto haya causado' a todo *patrono* que despida, suspenda, o discrimine contra un empleado suyo por [razón de], entre otras [cosas], [sexo o] ideas políticas." *Rodríguez Cruz v. Padilla Ayala*, 125 D.P.R. 486, 507 (1990).[3] Ahora bien, el Art. 6(2) de la ley, según lo interpretamos precisamente en *Rodríguez Cruz v. Padilla Ayala*, ante, establece que las disposiciones de la Ley Núm. 100, ante, *sólo* aplican a las corporaciones públicas del Estado Libre Asociado de Puerto Rico,[4] pues sólo son "patrono" de acuerdo con dicho artículo: "aquellas

---

[3] El Art. 1 de la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. sec. 146) dispone, en lo pertinente:

"Todo patrono que despida, suspenda o discrimine contra un empleado suyo en relación a su sueldo, salario, jornal o compensación, términos, categorías, condiciones o privilegios de su trabajo, o que deje de emplear o rehúse emplear o reemplear a una persona, o limite o clasifique sus empleados en cualquier forma que tienda a privar a una persona de oportunidades de empleo o que afecten su status como empleado, por razón de edad, según ésta se define más adelante, raza, color, sexo, origen social o nacional, condición social, ideas políticas o religiosas del empleado o solicitante de empleo:

"(a) incurrirá en responsabilidad civil

"(1) por una suma igual al doble del importe de los daños que el acto haya causado al empleado o solicitante de empleo."

[4] El historial legislativo de la Ley Núm. 100, ante, 29 L.P.R.A. secs. 146–151, revela que su objetivo principal es proteger a los empleados de la empresa privada contra todo tipo de discrimen aun cuando, por excepción, se extiende la protección a los empleados de las agencias o instrumentalidades del Gobierno que operan como negocios o empresas privadas. *Rodríguez Cruz v. Padilla Ayala*, 125 D.P.R. 486 (1990). Véase 12 Diario de Sesiones Asamblea Legislativa, T. II, págs. 681–688 (1959), refiriéndose al Sustitutivo P. del S. 331 que se convirtió en la Ley Núm. 100, ante. Expresó el Senador García Méndez durante los debates que tuvieron lugar al considerarse su aprobación: "[A]quí se trata de hacerle justicia a los empleados de las *empresas privadas* y de las *agencias o instrumentalidades* que operan como empresas privadas." Diario de Sesiones, ante, pág. 688.

agencias o instrumentalidades del Gobierno de Puerto Rico que operen como negocios o empresas privadas". 29 L.P.R.A. sec. 151. En consecuencia, como empleada del D.S.S., una agencia gubernamental que no opera "como negocio o empresa privada",[5] la señora Rivera Briceño no tiene acceso a la causa de acción ni al remedio en daños que concede la Ley Núm. 100, ante.

## II

▪ Erró, sin embargo, el foro de instancia al resolver que no estaba disponible para la querellante la acción que establece la citada Ley Núm. 69 de 1985. Este estatuto —que declara "práctica ilegal de empleo el que ... por razón de su sexo [se] discrimine contra una persona" (29 L.P.R.A. sec. 1323)— establece un esquema de compensación casi idéntico al dispuesto en la Ley Núm. 100, ante, de la siguiente forma:

> Toda *persona*, patrono y organización obrera *según se definen en este Capítulo*, que incurra en cualquiera de las prohibiciones del mismo:
> (a) incurrirá en responsabilidad civil:
> (1) por una suma igual al doble del importe de los daños que el acto haya causado al empleado o solicitante de empleo .... (Énfasis suplido.) 29 L.P.R.A. sec. 1341.

▪ La variante de este estatuto, respecto a la Ley Núm. 100, ante, consiste en la adición del término "persona", quien también queda sujeto a la prohibición de discrimen por sexo, y que incluye, según la definición establecida en el Art. 2 de la Ley Núm. 69, ante, "a...[las] agencias del Gobierno [y las] subdivisiones políticas ...". 29 L.P.R.A. sec. 1322. Contrario a la Ley Núm. 100, ante, la Ley 69, ante —que prevalece sobre la primera en cuanto a lo relacio-

---

[5] Véase Ley Orgánica del Departamento de Servicios Sociales, 3 L.P.R.A. sec. 211 y ss.

nado con el discrimen por razón de sexo—(6) no limita el ámbito de su extensión a una empresa, agencia o instrumentalidad en particular; tampoco condiciona su aplicabilidad a la forma en que opere la gestión, privada o pública, de un patrono o persona.

## III

▇▇ Por último, nos expresamos respecto al alcance del remedio, desde el punto de vista de daños, que la citada Ley Núm. 69 concede. Cuando el tribunal de instancia resolvió que la señora Rivera Briceño carecía de un remedio en daños por angustias y sufrimientos mentales al amparo de la Ley Núm. 69, ante, dicho foro no contaba con el beneficio de nuestra decisión en *García Pagán v. Shiley Caribbean, etc.*, 122 D.P.R. 193 (1988). Allí, tomando en cuenta el propósito de la Asamblea Legislativa al aprobar una serie de medidas antidiscrimen en el ambiente obrero patronal, resolvimos que "cuando la Ley Núm. [69] dispone que la responsabilidad civil será por una suma igual al doble del importe de los daños que el acto haya causado, *esto se refiere a todos los daños sufridos por la víctima, incluso daños y angustias mentales...*". (Énfasis suplido y en el original.) *García Pagán v. Shiley Caribbean, Etc.*, ante, pág. 212. Por lo tanto, según lo resuelto en el caso anterior, procede revocar la determinación del foro de instancia a los efectos antes mencionados y ordenar que la reclamación por daños y angustias morales ·de la querellante prosiga bajo las disposiciones de la Ley Núm. 69, ante.

▇▇ Este resultado hace innecesario que consideremos el planteamiento de si una acción ordinaria en daños y perjuicios, fundamentada en el Art. 1802 del Código Civil,

---

(6) El Art. 23 de la Ley Núm. 69 de 6 de julio de 1985 dispone:
"Las disposiciones de esta ley prevalecerán sobre las de la Ley Núm. 100 de 30 de junio de 1959, según enmendada." 1985 Leyes de Puerto Rico 264–265. ·

ante, es incompatible con el trámite sumario de naturaleza especial dispuesto por la Ley Núm. 2, ante. La reclamación de daños por sufrimientos y angustias mentales que hace la señora Rivera Briceño es parte del remedio civil que concede la Ley`Núm. 69, ante; por esta razón, la misma puede "tramitarse ... mediante el procedimiento [sumario] de querella establecido por las secs. 3118 et seq. del Título 32". Art. 18 de la Ley Núm. 69, ante, 29 L.P.R.A. sec. 1338.([7])

Por los fundamentos antes expuestos, *procede que se dicte sentencia modificatoria de la emitida por el tribunal de instancia, devolviéndose el caso a dicho foro para procedimientos ulteriores compatibles con lo aquí resuelto.*

---

([7]) En su parte pertinente, el Art. 18 de la Ley Núm. 69, ante, dispone:
"*Reclamaciones civiles*
"Se le confiere jurisdicción original concurrente en los casos que surgieren en virtud de este Capítulo al Tribunal Superior y al Tribunal de Distrito. *Las reclamaciones civiles podrán tramitarse por acción ordinaria o mediante el procedimiento de querella establecido por las secs. 3118 et seq. del Título 32.*" (Énfasis suplido.) 29 L.P.R.A. sec. 1338.