CC-96-2                                – 1 –

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Brenda Berríos Heredia<br>    Peticionaria<br><br>    v.<br><br>Alfredo González y otros<br>    Recurridos | Certiorari<br><br>2000 TSPR 87 |
| --- | --- |

Número del Caso: CC-1996-0066

Fecha: 15/junio/2000

Tribunal de Circuito de Apelaciones: Circuito Regional II

Juez Ponente: Hon. Rafael Ortiz Carrión

Abogado de la Parte Peticionaria:

                    Lcdo. Angel Marrero Figarella

Abogado de la Parte Recurrida:

                    Lcdo. Lorenzo Vilanova Alfonso

Materia: Discrimen

    Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correciones del
    proceso de compilación y publicación oficial de las
    decisiones del Tribunal. Su distribución electrónica se hace
    como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Brenda Berríos Heredia

  Querellante-Peticionaria

          v.                        CC-96-66      Certiorari

Alfredo González y otros

     Querellado-Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico a 15 de junio de 2000.

El presente recurso permite expresarnos en torno al procedimiento sumario que establece la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 et seq., [en adelante Ley Núm. 2], en el contexto de querellas laborales que incluyen reclamaciones por concepto de angustias mentales.

                           I

El 3 de enero de 1995, la señora Brenda Berríos Heredia presentó ante el Tribunal de Primera Instancia una querella contra Alfredo González por alegado discrimen, represalias, despido

injustificado y hostigamiento sexual. Además, solicitó que la reclamación fuera tramitada de forma sumaria, según lo contemplado en la Ley Núm. 2.[1]

_____

[1] La querella expresó, en parte, lo siguiente:

5. Desde los inicios de la relación obrero patronal, el co-querellado Alfredo González, comenzó a tocar y a acariciar a la querellante y en ocasiones intentaba besarla a pesar de la negativa de ésta a aceptar tal comportamiento sexual por parte de su patrono.

6. El 9 de diciembre de 1994, el coquerellado Alfredo González acarició los muslos y otras partes del cuerpo de la querellada y la invitó a "bregar", todo ello a pesar del rechazo de ésta a tales avances del patrono.

7. Como consecuencia del repudio de la querellante hacia el comportamiento sexual del co-querellado, Alfredo González, éste le indicó a ésta que a partir del 13 de diciembre de 1994 trabajaría solamente tres (3) horas diarias.

8. El viernes 16 de diciembre de 1994 la querellante se personó [sic] a su empleo y se encontró con que otra persona estaba ocupando su lugar de trabajo.

9. El despido de la querellante se debió a que el patrono discriminó y/o violó y/o amenazó contra la querellante, con relación a los términos y condiciones, compensación, ubicación y beneficio o privilegio del empleo cuando la querellante ofreció o intentó ofrecer testimonio ante un Foro Administrativo y Hostigamiento Sexual [sic].

10. Que la acción de la parte querellada constituye una violación a las disposiciones de las Leyes del Trabajo de Puerto Rico.

11. Que la acción de la parte querellada al despedir a la querellante por la razón antes expuesta, le ha causado daños consistentes en salarios dejados de percibir desde el momento de su despido y dicha cantidad continuará aumentando hasta tanto la querellante sea reinstalada en su empleo.

12. Además de los salarios dejados de percibir, la querellante ha sufrido daños y perjuicios y angustias mentales como consecuencia del discrimen sufrido; no ha podido conseguir trabajo a pesar de las gestiones que ha hecho; ha desarrollado ansiedad, insomnio y profundos dolores y angustias, cuyos daños se estiman en una suma no menor de $100,000.00, excluyendo el lucro cesante.

[...]

15. Que se alega y reclama, en la alternativa, la compensación por despido injustificado (mesada). Todo ello conforme lo dispone la Ley # 80 de 30 de mayo de 1976. Exhibit I, en las págs. 2 y 3.

Luego de emplazada, la parte demandada contestó oportunamente la querella. Simultáneamente presentó una moción en la que solicitó al tribunal de instancia que tramitara la querella de forma ordinaria. Fundamentó su solicitud en que Berríos Heredia, además de reclamar salarios dejados de devengar, y en la alternativa, la mesada por razón de despido injustificado, solicitó una compensación por angustias mentales, la cual, a su juicio, constituye una reclamación "cuya complejidad y características se alejan de la reclamación ordinaria en cobro de salario o despido injustificado [...] que no es propia para ser adjudicada dentro del procedimiento sumario dispuesto en la Ley Núm. 2 [...]". Véase, Moción para que se atienda la Querella como un Caso Ordinario, Apéndice de la Petición de Certiorari, en la pág. 10.

La querellante Berríos Heredia se opuso. Eventualmente, el tribunal de instancia acogió la posición del querellado González y declaró con lugar la conversión del proceso en un procedimiento ordinario.

Inconforme con esta determinación, Berríos Heredia acudió al Tribunal de Circuito de Apelaciones, el cual expidió el auto de certiorari solicitado y luego de varios trámites procesales, confirmó la determinación de instancia.

Así las cosas, Berríos Heredia acudió ante nos mediante recurso de certiorari. Accedimos a revisar.

En su recurso nos plantea como único señalamiento de error que el Tribunal de Circuito de Apelaciones incidió al sustraer su reclamación del procedimiento sumario contemplado en la Ley Núm. 2 y ordenar que continuara su trámite de forma ordinaria.

II

Como se sabe, la Ley Núm. 2 establece un procedimiento sumario para la tramitación de querellas instadas por los obreros o empleados contra su patrono por servicios prestados. Mercado Cintrón v. ZETA Comunications, Inc., 135 D.P.R. 737 (1994); Secretario del Trabajo v. J.C. Penney Co., 119 D.P.R. 660 (1987); Resto Maldonado v. Galarza, 117

D.P.R. 458 (1986); Díaz v. Hotel Miramar Corp., 103 D.P.R. 314 (1975). Dicha ley reafirma la política pública del Estado de tramitar las reclamaciones laborales con prontitud, sin dilaciones que pudieran frustrar los fines de la justicia.

En el pasado hemos reconocido que la Asamblea Legislativa incorporó en la Ley Núm. 2 varias disposiciones que resultan más favorables al obrero. Con la incorporación de tales disposiciones, el legislador pretendió agilizar el trámite judicial evitando que el patrono dilate innecesariamente el procedimiento judicial. Además, pretendió subsanar, en alguna medida, la desigualdad de medios económicos entre los patronos y los trabajadores. Landrum Mills Corp. v. Tribunal Superior, 92 D.P.R. 689 (1965). No obstante lo anterior, hemos concluido que el procedimiento sumario instaurado en la Ley Núm. 2 cumple con las exigencias constitucionales del debido proceso de ley. Id.

La propia Ley Núm. 2 establece el tipo de reclamación que puede ser tramitada bajo su palio. Al respecto, dispone que el procedimiento sumario estará disponible:

> Siempre que un obrero o empleado tuviere que reclamar de su patrono cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados para dicho patrono, o por compensación en caso de que dicho obrero o empleado hubiere sido despedido de su empleo sin causa justificada. 32 L.P.R.A. sec. 3118 (énfasis suplido).

Además, el procedimiento sumario que establece la Ley Núm. 2 estará disponible para aquellas instancias en que la Asamblea Legislativa lo haya dispuesto expresamente en otras leyes protectoras de los trabajadores. Véase, Ruy Delgado Zayas, Manual Informativo de Legislación Protectora del Trabajo de Puerto Rico 339 (1989).

Hace varios años, tuvimos la oportunidad de expresarnos sobre la aplicabilidad y alcance del procedimiento sumario que establece la Ley Núm. 2 cuando un obrero insta una querella al amparo de varios estatutos remediales de índole laboral en la cual existen causas de acción cuya resolución resulta particularmente compleja. En Rivera

Rivera v. Insular Wire Products, Corp., res. 24 de mayo de 1996; 140 D.P.R. ___ (1996), resolvimos que, además de las reclamaciones por despido injustificado bajo la Ley Núm. 80 de 30 de mayo de 1976, 29 L.P.R.A. secs. 185(a) et seq., [en adelante Ley Núm. 80], otros tipos de reclamaciones laborales establecidas por leyes especiales pueden ser tramitados al amparo del procedimiento sumario que establece la Ley Núm. 2. En esa ocasión resolvimos que podían ser adjudicadas por la vía sumaria las reclamaciones bajo el Art. 5a de la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. secs. 1 et seq., y las reclamaciones al amparo del Art. 1 de la Ley Antidiscrimen, Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. sec. 1467 [en adelante Ley Núm. 100].

Sin embargo, luego de un cuidadoso análisis de los intereses involucrados expresamos que los tribunales de instancia guardan discreción para determinar si la querella presentada por el obrero debe ser tramitada por la vía ordinaria, aún cuando el obrero reclamante considerara conveniente tramitar su reclamación de forma sumaria. Para hacer la determinación en torno a cuál procedimiento resulta adecuado, señalamos que los tribunales debían hacer "un justo balance entre los intereses del patrono y los del obrero querellante, a la luz de las circunstancias específicas de las reclamaciones en la querella." Rivera Rivera v. Insular Wire Products, Corp., supra.

Más tarde, en Marín Kuilán v. Teddy Díaz Fastening Systems, Inc., res. 7 de febrero de 1997, 142 D.P.R. ___ (1997), al interpretar la Ley Núm. 115 de 20 de diciembre de 1991, 29 L.P.R.A. secs. 194 et seq.,[2] en el contexto del procedimiento sumario bajo la Ley Núm. 2, ratificamos nuestros pronunciamientos en Rivera Rivera v. Insular Wire Products, Corp., supra.

---

[2] Esta ley crea una causa de acción a favor del obrero contra represalias de su patrono cuando aquél divulga información o participa en procedimientos investigativos de índole administrativa, judiciales o legislativas. Véase, Leyes de Puerto Rico, 1991, a la pág. 957.

Allí, en específico, resolvimos que el foro de instancia podía condenar en rebeldía al patrono a pagar la mesada contemplada en la Ley Núm. 80 por despido injustificado dentro del procedimiento sumario que establece la Ley Núm. 2. Sin embargo, estimamos que en cuanto a la reclamación formulada por concepto de represalias bajo la Ley Núm. 115, no procedía emitir sentencia en rebeldía concediendo el remedio contemplado en dicha ley, debido a que la querellante "simplemente hizo una serie de alegaciones conclusorias sin hecho alguno", las cuales no cumplían "con los requisitos mínimos para que el foro de instancia pudiese dictar sentencia sumaria". Id. En vista de ello, revocamos y devolvimos el caso al foro de instancia con instrucciones específicas de que evaluara si a tenor con nuestros pronunciamientos en Rivera Rivera dicha reclamación debía ser adjudicada por la vía sumaria o si por el contrario debía ser adjudicada por la vía ordinaria. Id.

En el caso de autos, contrario a las ocasiones previas, nos confrontamos de forma específica con la controversia de si una reclamación por concepto de angustias mentales puede ser tramitada de forma sumaria o si por el contrario debe ser sustraída del procedimiento sumario cuando el juzgador así lo estime conveniente.

III

Ante nos, Berríos Heredia plantea, en síntesis, que la exclusión de las querellas laborales que incluyen reclamaciones por concepto de angustias mentales, del procedimiento sumario bajo la Ley Núm. 2 desvirtúa la intención legislativa de imprimirle rapidez a la adjudicación de las reclamaciones laborales. Además, plantea que la concesión de daños por concepto de angustias mentales es sólo parte del remedio que solicita en su querella, por lo que, aduce, ésta no debe ser sustraída del procedimiento sumario. Fundamenta su contención en los casos García Pagán v. Shiley Caribbean, etc., 122 D.P.R. 208 (1988) y Rivera Briceño v. Rodríguez, 129 D.P.R. 669 (1991).

En García Pagán v. Shiley Caribbean, etc., supra, reconocimos que bajo la Ley Núm. 100, supra, un empleado podía reclamar indemnización

por los daños y angustias mentales que el discrimen en el empleo le produjo. Llegamos a esa conclusión al examinar el texto de la ley, el cual imponía responsabilidad civil por los daños que el acto discriminatorio generó, y no establecía "clasificación o limitación alguna en cuanto a qué tipo de daño se compensar[ía]". Id., en la pág. 209. Es decir, la Ley Núm. 100 permitía la compensación por daños, sin limitación alguna en cuanto al tipo de daño. Por ello, resolvimos que no podíamos imponer una limitación a la naturaleza de los daños que podían ser reclamados por un obrero objeto de discrimen. En esa ocasión, sin embargo, no nos expresamos en torno a si la reclamación bajo la Ley Núm. 100 podía ser tramitada bajo el procedimiento sumario cuando a su amparo se reclaman daños y angustias mentales.

Más tarde, en Rivera Briceño v. Rodríguez, supra, al examinar otro estatuto remedial que prohibe el discrimen, Ley Núm. 69 de 6 de julio de 1985, 29 L.P.R.A. sec. 1321 et seq., [en adelante Ley Núm. 69], reafirmamos el criterio general que esbozamos en García Pagán v. Shiley Caribbean, supra, en términos de que la compensación por daños y sufrimientos mentales es parte del remedio civil contemplado en dicha ley que prohibe el discrimen laboral por razón de sexo. Sin embargo, en esa ocasión, manifestamos de forma incidental, y sin que se nos planteara de forma específica, que tal reclamación podía ser tramitada mediante el procedimiento sumario que establece la Ley Núm. 2.

Contraria a la contención de Berríos Heredia, el patrono querellado nos plantea que, a la luz del historial y propósitos de la Ley Núm. 2, el procedimiento sumario que establece dicha ley está reservado para reclamaciones salariales, para reclamaciones relacionadas a condiciones de trabajo y para aquellas reclamaciones de daños en donde el legislador así lo ha deseado y tienen una esencia fundamentalmente laboral.

Añade que:

La reclamación presentada contra la compareciente [...] es absolutamente diferente a una reclamación de salario donde un patrono debe mantener los récords de sus empleados, y por

consiguiente información pertinente a la controversia. [...] En contraste, [...] la reclamación de daños y angustias mentales por alegado hostigamiento sexual, formulada por la parte peticionaria, contiene de ordinario numerosos elementos y hechos desconocidos para el demandado, cuya investigación requiere de un amplio descubrimiento de prueba. Alegato del Recurrido, en la pág. 5.

Por su parte, en la sentencia recurrida, el Tribunal de Circuito de Apelaciones concluyó que el procedimiento sumario que establece la Ley Núm. 2 no debe extenderse a reclamaciones laborales en las que se reclamen daños morales, por la complejidad intrínseca, que, a juicio de ese foro, tiene este tipo de reclamación. Más aún, estimó el foro apelativo, que el esquema procesal diseñado por el legislador en la Ley Núm. 2 está reservado para reclamaciones en las que el patrono querellado tiene control sobre la información pertinente a la querella del empleado. En tales contextos, razonó dicho foro, el patrono se encuentra en condiciones razonables de hacer alegaciones responsivas desde el mismo momento en que se le notifica la querella. Contrario a tal situación, en el contexto de reclamaciones por concepto de daños morales, es el obrero querellante quien tiene control sobre la información pertinente a esa reclamación específica.

Examinemos los señalamientos de las partes.

IV

A

Las limitaciones que la Ley Núm. 2 impone al trámite procesal de las reclamaciones laborales afectan principalmente a la parte querellada. En este sentido, establece términos más breves para contestar una querella; define las formas en que puede ser emplazado el patrono; impone a éste la obligación de hacer una sola alegación responsiva que incluya todas las defensas u objeciones, so pena de entenderse por renunciadas aquellas que no presente; y condiciona la aplicación de las Reglas de Procedimiento Civil a que no se altere el carácter sumario del proceso, entre otros aspectos.

Con relación a los métodos de descubrimiento de prueba, la ley advierte, en específico, que "la parte querellada no podrá usarlos para obtener información que debe figurar en las constancias, nóminas, listas y jornales y demás récords que los patronos vienen obligados a conservar". 32 L.P.R.A. sec. 3120; véanse, Mercado v. Zeta Communications, Inc., supra; Rivera González v. Danny´s Bakery, 121 D.P.R. 304 (1988); Secretario del Trabajo v. J.C. Penney Co., Inc., supra.

Más adelante, expresa, que:

> ninguna de las partes podrá someter más de un interrogatorio o deposición ni podrá tomar una deposición a la otra parte después que le haya sometido un interrogatorio, ni someterle un interrogatorio después que le haya tomado una deposición, excepto que medien circunstancias excepcionales que a juicio del tribunal justifiquen la concesión de otro interrogatorio u otra deposición. No se permitirá la toma de deposición a los testigos sin la autorización del tribunal, previa determinación de la necesidad de utilizar dicho procedimiento. 32 L.P.R.A. sec. 3120, (énfasis suplido).

Una lectura integral de la Ley Núm. 2 revela que en el caso del patrono querellado, los mecanismos de descubrimiento de prueba están contemplados para descubrir prueba pertinente a la querella que no puede ser obtenida por éste de otra forma, ya que no está bajo su control en expedientes, listas o nóminas del trabajo.

En este contexto, al condicionar el uso de los interrogatorios y las deposiciones, la Ley Núm. 2 reconoce que bajo circunstancias excepcionales los tribunales pueden ampliar el descubrimiento de prueba más allá de una sola deposición o un solo interrogatorio. Además, permite la toma de deposiciones a testigos cuando se demuestre tal necesidad. De este modo, aún bajo el esquema sumario de este proceso, los tribunales guardan discreción para flexibilizar las limitaciones que la Ley Núm. 2 impone al patrono en cuanto al descubrimiento de prueba.

Ahora bien, ¿es siempre incompatible el procedimiento sumario con una reclamación de daños por concepto de angustias mentales? Estimamos que no.

De ordinario, una reclamación por concepto de angustias mentales requiere la presentación de prueba pericial y documental, tanto para probar la validez de la reclamación como para que la parte adversa pueda defenderse adecuadamente. En específico, la adecuada defensa de alegaciones de daños por concepto de angustias mentales depende de forma crucial del alcance y efectividad del descubrimiento de prueba que se realice. Esta es una etapa significativa para la parte demandada, ya que como norma general toda la información en torno a la reclamación por angustias mentales está en manos del reclamante.

La discreción que poseen los tribunales bajo el esquema de la Ley Núm. 2 para flexibilizar el descubrimiento de prueba, en algunas circunstancias, podría resultar suficiente para conferirle al patrono el mínimo de las garantías constitucionales necesarias sin que se desvirtúe el carácter sumario del proceso. No obstante, lo anterior no impide que, a tenor con nuestros pronunciamientos en Rivera Rivera v. Insular Wire Corp., supra, luego de un ponderado análisis de los intereses involucrados, el tribunal opte por tramitar la querella de forma ordinaria. Esto es así particularmente cuando la concesión de prórrogas o de un descubrimiento de prueba más extenso dentro de los parámetros de la Ley Núm. 2 resultaría insuficiente para proteger los derechos de las partes, y en última instancia, para hacer cumplida justicia.

De hecho, hace varias décadas, intimamos la posibilidad de que un proceso bajo la Ley Núm. 2 que no permitiera un adecuado uso de los mecanismos de descubrimiento de prueba fuese inválido. Aunque en otro contexto, en esa ocasión expresamos que:

> ...la prohibición de utilizar los medios de descubrimiento de prueba [que establece la Ley Núm. 2] va dirigido al patrono, que por ser los querellantes sus empleados, vienen obligados a llevar y conservar los récords que dispone la Ley de Salario Mínimo y los reglamentos; pero si en verdad la parte querellada no lleva esos récords porque [...] de buena fe entiende que no son sus empleados, la aplicación a aquella de la prohibición de utilizar los medios de descubrimiento de prueba resultaría discriminatoria y de dudosa validez. Dorado Beach Corp. v. Tribunal Superior, 92 D.P.R. 610, 618-19 (1965).

A tenor con lo anterior, resolvemos que compete a los tribunales determinar, ante un oportuno planteamiento al respecto, si encausa una querella laboral que incluya una reclamación por concepto de angustias mentales mediante el trámite ordinario o el sumario contemplado en la Ley Núm. 2.

B

Sin embargo, tal determinación no debe hacerse livianamente. Una mera alegación de la parte querellada en términos de que la reclamación instada en su contra es compleja no justifica la conversión del proceso en uno ordinario.

Para hacer esta determinación, y sin pretender ser exhaustivos, los tribunales deben conceder un breve término a las partes para que se expresen sobre si, a la luz de las alegaciones de la querella, el cuadro fáctico es lo suficientemente explícito como para colocar a la parte querellada en condiciones razonables de conocer los hechos específicos que dan lugar a las angustias mentales que se reclaman.

Además, las partes deberán colocar al juzgador en condiciones de examinar si la justa adjudicación de la reclamación por concepto de angustias mentales amerita la prolongación del descubrimiento de prueba más allá de los parámetros contemplados por la Ley Núm. 2. De este modo, deberán exponer al tribunal si lo hechos descritos requieren tomar deposiciones a múltiples testigos; si a la luz de las alegaciones se requerirá la presentación de prueba pericial particularmente compleja; y si resulta necesario el examen de expedientes médicos o la realización de exámenes físicos que convertirían el descubrimiento de prueba en una etapa incompatible con el carácter expedito del procedimiento bajo la Ley Núm. 2.

Finalmente, las partes deberán poner al tribunal en posición de examinar si, a la luz de las circunstancias particulares de la querella, el descubrimiento de prueba dentro de los parámetros de la Ley Núm. 2 crearía un riesgo substancial de que se produzca una determinación errónea de la valoración de los daños, así como cualquier

otra circunstancia especial que sea pertinente a la determinación que tiene que hacer el tribunal sobre si encauza el procedimiento por la vía sumaria u ordinaria.

De estimarlo necesario, el tribunal celebrará una vista para dilucidar esta controversia.

Ahora bien, una determinación de que una querella laboral que contiene una reclamación por concepto de angustias mentales no puede ser adjudicada adecuadamente por la vía sumaria, de ordinario, hace necesario que las demás reclamaciones formuladas en la querella también sean sustraídas del proceso sumario contemplado en la Ley Núm. 2.

Por un lado, promover la fragmentación de causas de acción en reclamaciones laborales para tramitar unas de forma sumaria, y otras de forma ordinaria en situaciones en las que el patrono demandado comparece oportunamente, colocaría a éste en una posición de considerable desventaja. En tal caso, la parte querellada tendría que defenderse simultáneamente en dos procesos judiciales distintos originados, en la mayoría de los casos, de unos mismos hechos. Ello de suyo implicaría duplicar procedimientos en los cuales tanto las defensas como los aspectos probatorios serían totalmente afines. Por otro lado, tal propuesta daría al traste con el principio cardinal de nuestro esquema procesal que postula el más efectivo uso de los procesos judiciales para lograr una solución rápida, justa y económica.[3] Regla 1 de Procedimiento Civil. 32 L.P.R.A. Ap. III R.1.

Esta conclusión no es inconsecuente con nuestros pronunciamientos en Rivera Rivera v. Insular Wire, supra. Allí, aunque afirmamos incidentalmente que para las reclamaciones laborales formuladas al amparo de la Ley Núm. 80 "sólo está disponible el procedimiento sumario de la Ley Núm. 2", reconocimos que los foros de instancia guardan

---

[3] Otra conclusión podría justificarse en el contexto de un proceso judicial en el que el patrono querellado se encuentre en rebeldía. En tal situación los peligros y dificultades procesales antes expresados difícilmente estarían presentes, por lo que la fragmentación de las causas de acción, en los casos apropiados, podría facilitar al juzgador

discreción para atemperar las reclamaciones laborales a las circunstancias particulares que presenten. Conforme expresamos en esa ocasión, los tribunales de instancia guardan discreción para, entre otras cosas,

> continuar ventilando la querella en su totalidad mediante el procedimiento sumario de la Ley Núm. 2; o, separar la causa de acción bajo la Ley Núm. 80 y ventilarla prioritariamente mediante el procedimiento sumario, posponiendo la consideración de las otras dos (2) causas de acción, bajo la Ley Núm. 100 y la Ley Núm. 45, y la determinación de si éstas se deben tramitar por la vía ordinaria o por el procedimiento sumario; o, establecer cualquier otro manejo del caso que sea consistente con lo aquí resuelto y propicie el cumplimiento de los propósitos de la legislación laboral y la norma cardinal procesal judicial de dispensar justicia de forma rápida y económica. Rivera Rivera v. Insular Wire, supra.

Este Tribunal no debe refrendar una interpretación en extremo rígida de los esquemas procesales en materia laboral que tenga el efecto práctico de privar a los foros de instancia de la discreción necesaria para considerar y decidir controversias de forma adecuada y cabal. Por tanto, resolvemos que en aquellos procedimientos judiciales instados bajo leyes de índole laboral que, por su naturaleza particularmente compleja, como por ejemplo, cuando se reclama compensación por angustias mentales, y que, a la luz de los criterios enumerados previamente, su correcta adjudicación requiera que alguna de las reclamaciones sea adjudicada de forma ordinaria, todas las reclamaciones incluidas con ella pueden ser sustraídas del proceso sumario y ser resueltas de forma ordinaria.

No obstante, cuando el tribunal opte por este curso de acción, deberá simultáneamente tomar las medidas correspondientes para que la acción o acciones incoadas se incluyan en un calendario especial para que sean atendidas con carácter prioritario. Así evitamos que la conversión del proceso perjudique el interés del obrero de que se haga una adjudicación rápida de su reclamación.

A la luz de la discusión precedente, examinemos las circunstancias del caso de autos y si la discreción del foro de instancia fue

---

la resolución de controversias laborales. Véase, Marín Kuilán v. Teddy

correctamente ejercida, según lo concluyó el Tribunal de Circuito de Apelaciones.


IV

Con excepción de la reclamación por despido injustificado bajo la Ley Núm. 80, la peticionaria Berríos Heredia no expresa de forma específica los estatutos bajo los cuales formula su reclamación.[4] Sin embargo, surge de la querella que Berríos Heredia también reclamó indemnización por hostigamiento sexual, por represalias y por discrimen. Además, reclamó indemnización por los daños y angustias mentales que le ha producido el discrimen.[5] En este sentido, los estatutos aplicables son: por el alegado hostigamiento sexual, la Ley Núm. 17 de 22 de abril de 1988, 29 L.P.R.A. secs. 155 et seq. y la Ley Núm. 69, supra; por las alegadas represalias, la Ley Núm. 115, supra; y por el discrimen, la Ley Núm. 100, supra.

En cuanto a la reclamación por hostigamiento sexual y discrimen, hemos afirmado antes que el hostigamiento sexual "constituye una modalidad del discrimen por razón de sexo proscrito por la Ley Núm. 100". Rodríguez Meléndez v. Supermercado Amigo, Inc., 126 D.P.R. 117, 124 (1990). Por ello, afirmamos en esa ocasión que la Ley Núm. 100 es el instrumento adecuado para dilucidar controversias sobre hostigamiento sexual. Id., a la pág. 134. Dicha ley, además,

---

Díaz Fastening Systems, Inc., supra.

[4] La representación legal de la querellante Berríos Heredia se limita a hacer una reclamación general de que "la acción de la parte querellada constituye una violación a las disposiciones de las Leyes del Trabajo de Puerto Rico". Alegación Núm. 10, Exhibit 1, en la pág. 2.

[5] El Tribunal de Circuito de Apelaciones concluyó que Berríos Heredia reclamó indemnización por daños y perjuicios bajo el Art. 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141, y no bajo legislación laboral especial. Nuestra lectura de la querella nos convence de que la reclamación por concepto de daños por "ansiedad, insomnio y profundos dolores y angustias" fue hecha como parte de los daños que el alegado discrimen en el empleo le produjo, y no como parte de una reclamación independiente de daños y perjuicios bajo el Art. 1802.

contempla la posibilidad de que las reclamaciones instadas a su amparo sean tramitadas de forma sumaria, 29 L.P.R.A. sec. 149.[6]

Aunque en Rodríguez Meléndez, expresamos que la fiel adjudicación de una reclamación por hostigamiento sexual "requiere un análisis detenido y cuidadoso de los hechos, pues están involucrados factores humanos relativos a actitudes, conductas, móviles, sentimientos y otros, que difícilmente pueden precisarse a menos que se ventilen en un juicio plenario", id. a la pág. 135, cada caso requiere ser examinado a la luz de los hechos particulares que presente.

En el caso de autos, tanto el tribunal de instancia como el Tribunal de Circuito de Apelaciones entendieron que debían sustraer la reclamación de Berríos Heredia del procedimiento sumario debido a que en ella había reclamado indemnización por angustias mentales. Erraron.

Nuestros pronunciamientos no establecen que la mera reclamación de angustias mentales por razón de discrimen ameritan excluir la querella laboral del procedimiento sumario. Véase, Marín Kuilán v. Teddy Díaz Fastening Systems, Inc., supra. Ese sólo hecho, haciendo abstracción de la complejidad de la reclamación, no conlleva necesariamente que la querella deba ser tramitada de forma ordinaria. Por lo tanto, erraron el Tribunal de Circuito de Apelaciones y el tribunal de instancia al permitir que la reclamación fuese tramitada por la vía ordinaria por ese sólo fundamento.

Al examinar el expediente a la luz de la norma antes expuesta, somos de opinión que los autos no cuentan con los elementos necesarios que nos permitan adjudicar en esta etapa de los procedimientos la complejidad que involucran las reclamaciones de Berríos Heredia. En consecuencia, procede devolver el recurso al foro de instancia para que

---

[6] El primer párrafo del Art. 4 de la Ley Núm. 100 dispone, en parte: "Las reclamaciones civiles podrán tramitarse por acción ordinaria o mediante el procedimiento de querella establecido por la Ley Núm. 10 de 14 de noviembre de 1917, según ha sido o fuere posteriormente enmendada". 29 L.P.R.A. sec. 149.

La Ley Núm. 2 enmendó las disposiciones de la Ley Núm. 10 a la que se hace referencia.

dicho foro realice una evaluación de la complejidad de las reclamaciones formuladas por Berríos Heredia a la luz de nuestros pronunciamientos previos y determine si continúa el procedimiento por la vía ordinaria o de forma sumaria.

Se dictará la correspondiente Sentencia.


Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Brenda Berríos Heredia

  Querellante-Peticionaria

    v.                              CC-1996-66     Certiorari

Alfredo González y Otros

  Querellado-Recurrido

SENTENCIA

San Juan, Puerto Rico, a 15 de junio de 2000.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, y habiendo sido expedido previamente el auto de certiorari, se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional II de Bayamón, Panel I, en el caso **Berríos Heredia** v. **González, etc.**, Civil Núm. KLCE9500118. Se devuelve el caso al Tribunal de Primera Instancia para que, a tenor con nuestros pronunciamientos, continúen con los procedimientos.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre sin opinión escrita. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita, por las mismas razones de sus disensos en los casos de **Marín Kuilan v. Teddy Díaz Fastening System**, res. el 7 de febrero de 1997, 142 D.P.R. ___(1997) y **Rivera Rivera v. Insular Wire Products Corp.**, res. el 24 de mayo de 1996, 140 D.P.R. ___ (1996).

Isabel Llompart Zeno
Secretaria del Tribunal Supremo