CC-2001-217                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Madeline Pérez Fernández<br>    Peticionaria<br><br>       v.<br><br>Municipio de Guaynabo, Héctor O'Neill y Antonio O'Neill , respectivamente Alcalde y Director de Personal del Municipio, en su carácter oficial y personal<br>    Recurridos | Certiorari<br><br>2001 TSPR 125<br><br>154 DPR \_\_\_\_ |

Número del Caso: CC-2001-217


Fecha: 5/septiembre/2001


Tribunal de Circuito de Apelaciones:
                                    Circuito Regional II


Juez Ponente:
                                    Hon. Zaida Hernández Torres

Abogado de la Parte Peticionaria:
                                    Lcdo. Luis Amauri Suárez Zayas

Abogada de la Parte Recurrida:
                                    Lcda. Graciela J. Belaval

Oficina del Procurador General:
                                    Lcda. Lizette Mejías Avilés
                                    Procuradora General Auxiliar


Materia: Interdicto


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Madeline Pérez Fernández

     Peticionaria

        v.

Municipio de Guaynabo,
Héctor O'Neill y Antonio        CC-2001-217    Certiorari
O'Neill, respectivamente
Alcalde y Director de
Personal del Municipio, en
su carácter oficial y
personal

     Recurridos

**Opinión del Tribunal emitida por el Juez Asociado señor Rivera Pérez.**

San Juan, Puerto Rico, a 5 de septiembre de 2001.

**El presente recurso nos plantea la interrogante de si es responsable un municipio por el pago de honorarios de abogado, cuando el Tribunal de Primera Instancia concluye que la no renovación de un contrato de empleo temporero a una empleada del mismo responde a su estado de embarazo, y es producto de discriminación por razón de género.**

**I**

**La señora Madeline Pérez Fernández trabajó, desde el 16 de mayo de 1994 hasta el 31 de diciembre de 1996, como empleada transitoria del Municipio de Guaynabo, en adelante el Municipio, en el puesto de Auxiliar de Oficina del Departamento**

de Radiografía del Centro de Diagnóstico y Tratamiento, en adelante CDT. Ese último día, se terminaron los contratos de empleos temporeros de 522 empleados transitorios del Municipio. Cuando se les entregó las cartas de cesantía, se les informó que pasaran por la Oficina de Personal en el mes de enero de 1997. A raíz de ello, la señora Pérez Fernández visitó dicha oficina, en donde fue entrevistada por el Director de Recursos Humanos, señor Antonio O'Neill, quien le solicitó que regresara con varios documentos para poder tramitar una solicitud de empleo.

El 18 de febrero de 1997, la señora Pérez Fernández volvió a visitar la Oficina de Personal con los documentos requeridos, teniendo ya siete (7) meses de embarazo. En dicha entrevista, el señor Antonio O'Neill le informó que los contratos de empleados temporeros del CDT no iban a ser renovados por el Municipio. Además, le informó que no podía emplearla, porque su condición de embarazo conllevaría que no podría trabajar por dos (2) meses debido a la licencia por maternidad.

Es menester señalar, que el mismo día de esta entrevista se le extendió un nombramiento transitorio a otra persona en la misma clasificación correspondiente al puesto que ocupaba la señora Pérez Fernández, y se hizo otro posteriormente al mismo CDT que ella trabajaba.[1]

Así las cosas, en abril de 1997, la señora Pérez Fernández instó una querella al amparo de la Ley Núm. 2 de 17 de octubre de 1961,[2] en contra del señor Antonio O'Neill, en su carácter oficial y personal, y del Municipio. Alegó que el señor Antonio O'Neill no la contrató por su estado de embarazo, ya que éste le manifestó que no le convenía al Municipio emplear una persona que estaría dos (2) meses fuera del trabajo por maternidad. Arguyó que tal proceder es contrario a la Ley Núm. 69 del 6 de julio de 1985.[3] Además, la señora Pérez Fernández solicitó que se

---

[1] Dichos nombramientos fueron renovados hasta que el CDT pasó a manos privadas el 30 de octubre de 1997. Por otra parte, el Municipio extendió unos 96 nombramientos transitorios en enero, unos 246 en febrero, unos 169 entre marzo y mayo, y unos 56 durante los meses de junio y julio, para un total de 562 durante los primeros siete meses del año.

[2] 32 L.P.R.A. sec. 3118 et seq.

[3] 29 L.P.R.A. secs. 1321-1341.

le ordenara al Municipio extenderle un nombramiento regular de carrera, como empleada de éste, retroactivo al mes de febrero de 1997, con el pago de todos los salarios y beneficios marginales dejados de devengar hasta entonces.  Solicitó, además, que se condenara a la parte demandada al pago de una suma no menor de setenta y cinco mil dólares ($75,000) por los daños y perjuicios sufridos a causa del discrimen, más las costas y honorarios de abogado.

Luego de varios incidentes procesales, incluyendo la determinación de que el caso se iba a tramitar por la vía ordinaria, se celebró la vista en su fondo.  Sometido el caso, el Tribunal de Primera Instancia dictó sentencia declarando con lugar la causa de acción y estimó los daños sufridos en la suma de veinte mil dólares ($20,000).  En vista de ello, condenó al Municipio y al señor Antonio O'Neill, en su carácter personal y oficial, a pagarle solidariamente a la señora Pérez Fernández el doble de los daños estimados por el Tribunal, más la cantidad de diez mil dólares ($10,000) en concepto de honorarios de abogado.[4]

El Municipio presentó una moción solicitando determinaciones de hechos adicionales y una moción en oposición a la imposición de honorarios de abogado.  Adujo que a los municipios no se les puede imponer honorarios de abogado por temeridad.  La señora Pérez Fernández se opuso, alegando que los honorarios impuestos no fueron basados en conducta temeraria, sino a la luz de lo dispuesto en el Artículo 18 de la Ley Núm. 69, _supra_.[5]  En vista de ello, el Tribunal de Primera Instancia emitió la siguiente orden: "entendiéndose impuestos los honorarios al Sr. Héctor O'Neill en su carácter personal".  El Municipio presentó una moción de reconsideración exponiendo que la causa de acción contra el alcalde, señor Héctor O'Neill, había sido desestimada.  Por ende, dicho Tribunal emitió otra resolución

---

[4] Es menester señalar, que la causa de acción presentada por la señora Pérez Fernández también era en contra del Alcalde del Municipio, Héctor O'Neill, en su carácter oficial y personal.  No obstante, el Tribunal de Primera Instancia, mediante la sentencia dictada, desestimó la causa de acción contra el Alcalde en su carácter personal.

[5] 29 L.P.R.A. sec. 1338.

aclarando que la imposición de los honorarios de abogado era contra el señor Antonio O'Neill, en su carácter personal.  La señora Pérez Fernández presentó una moción de reconsideración en cuanto a este último dictamen, la cual fue denegada.

Inconformes, tanto la señora Pérez Fernández como el Municipio acudieron, mediante recursos separados, ante el Tribunal de Circuito de Apelaciones.  La señora Pérez Fernández cuestionó la determinación de no encontrar responsable al alcalde, señor Héctor O'Neill, además de no imponerle honorarios de abogado al Municipio.  El Municipio alegó en su recurso, que la prueba vertida durante el juicio en su fondo no sostenía las determinaciones realizadas por el foro de primera instancia.  El Tribunal de Circuito de Apelaciones confirmó la sentencia dictada por el Tribunal de Primera Instancia.  Resolvió que la determinación de dicho Tribunal estaba sostenida por la totalidad de la evidencia que tuvo ante sí.  En cuanto al error señalado por la señora Pérez Fernández sobre la imposición de honorarios de abogado al señor Antonio O'Neill, concluyó que es una correcta en derecho.  Expresó que no entraría a discutir el asunto sobre si el Municipio debía responder por la suma de honorarios de abogado impuesta, ya que independientemente de a quién el Tribunal de Primera Instancia le impuso los mismos, la señora Pérez Fernández obtuvo el remedio solicitado.

Inconforme con lo determinado por el Tribunal de Circuito de Apelaciones, la señora Pérez Fernández acude oportunamente ante esta Curia señalando como error cometido por dicho Tribunal lo siguiente:

> Erró el Tribunal de Circuito de Apelaciones, al igual que el Tribunal de Primera Instancia, al concluir que procedía eximir al Municipio de Guaynabo del pago de los honorarios de abogado impuestos en la sentencia dictada por el foro de instancia y al no resolver que, de conformidad con lo dispuesto en la Ley 69 de 1985 (29 L.P.R.A. §§ 1321-1341) y de conformidad con lo establecido en la Ley Núm. 402 del 12 de mayo de 1950 (32 L.P.R.A. §§ 3114-3117), éste es responsable y responde solidariamente de la totalidad de la sentencia dictada, incluyendo el pago de la suma de $10,000.00 concedida por concepto de honorarios de abogado.

El 20 de abril de 2001 emitimos una Resolución concediéndole a la parte recurrida un término de veinte (20) días para mostrar causa por la cual no debía expedirse el auto de <u>certiorari</u> solicitado y revocarse la sentencia recurrida.

El 16 de mayo de 2001 la parte recurrida presentó su alegato en oposición a la petición de <u>certiorari</u>.  Arguye, que si bien la reclamación de autos de la aquí peticionaria fue incoada bajo la Ley Núm. 69 de 6 de julio de 1985, <u>supra</u>, y la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, <u>supra</u>, el Tribunal de Primera Instancia convirtió el procedimiento en uno ordinario y el remedio concedido fue en concepto de daños y perjuicios y no en resarcimiento de salarios u otros beneficios dejados de percibir.

## II

La Ley Núm. 69, <u>supra</u>, declara el discrimen por razón de sexo una práctica ilegal de empleo.  Mediante la misma, a diferencia de la Ley Núm. 100 de 30 de junio de 1959,[6] las entidades gubernamentales pueden ser responsables por actuar contrario a lo dispuesto por el referido estatuto, por estar incluidas dentro de su definición de "persona" y de "patrono".[7]

---

[6] 29 L.P.R.A. sec. 146 <u>et seq.</u>

[7] <u>Rivera Briceño v. Rodríguez</u>, 129 D.P.R. 669 (1991).  El Art. 2 de la Ley Núm. 69 de 6 de julio de 1985, 29 L.P.R.A. sec. 1322 (1) y (2) dispone lo siguiente:

> Los siguientes términos, para propósitos de este Capítulo y salvo cuando resultaren manifiestamente incompatibles con los fines de éste, significarán:
>
> (1) "Persona"—el término "persona" incluye a persona natural o jurídica; a uno o más individuos, sociedades, asociaciones, corporaciones, representantes legales, fideicomisarios, síndicos, gobiernos, agencias del Gobierno, subdivisiones políticas, uniones obreras, organizaciones no incorporadas.
>
> (2) "Patrono"—incluye a toda persona natural o jurídica que emplee obreros, trabajadores o empleados, y al jefe, funcionario, agente, oficial, gestor administrador, superintendente, capataz, mayordomo o representante de dicha persona natural o jurídica.

El Artículo 3 (1) de la Ley Núm. 69, <u>supra</u>,[8] dispone lo siguiente:

Será práctica ilegal de empleo el que un patrono:

(1) Cuando por razón de su sexo, suspenda, rehúse emplear o despida cualquier persona, o que de cualquier otra forma discrimine contra una persona, con respecto a su compensación, términos o condiciones de empleo;

El Artículo 12 de la Ley Núm. 69, <u>supra</u>,[9] dispone lo siguiente:

Cualquier pregunta realizada antes de emplear a una persona en relación con un empleo futuro que directa o indirectamente exprese cualquier limitación, especificación o discrimen en cuanto al sexo, será ilegal a menos que se haga a base de un requisito ocupacional *bona fide*.

El Artículo 14 de la Ley Núm. 69, <u>supra</u>,[10] dispone lo siguiente:

(a) Será una práctica ilegal de empleo, una política o práctica escrita o verbal en que un patrono excluya del empleo a solicitantes o empleados por razón de embarazo, parto o condiciones médicas relacionadas.

(b) Las incapacidades causadas o atribuidas al embarazo, parto o condiciones médicas relacionadas para fines relacionados con el empleo serán tratadas igual que otras incapacidades causadas o atribuidas a otras condiciones médicas.

No nos presenta duda alguna que una manifestación de parte del patrono en contra de, o que cuestione la persona por razón de su sexo, constituye una práctica ilícita prohibida por la Ley Núm. 69, <u>supra</u>. De las determinaciones de hechos realizadas por el Tribunal de Primera Instancia se desprende que la señora Pérez Fernández se personó al municipio a una entrevista en enero de 1997, y que le comunicaron que una vez obtuviera ciertos documentos acudiera a la Oficina de Personal para otra entrevista. Es en esta segunda entrevista que el señor Antonio O'Neill le hace la expresión de que no era conveniente su contratación, debido a que estaba próximo el alumbramiento de su hijo. Dicha manifestación constituyó una práctica ilícita de empleo.

III

---

[8] 29 L.P.R.A. sec. 1323.

[9] 29 L.P.R.A. sec. 1332.

¿Es responsable un municipio por el pago de honorarios de abogado, a tenor con el Artículo 18 de la Ley Núm. 69, <u>supra</u>,[11] cuando el Tribunal de Primera Instancia concluye que la no renovación de un contrato de empleo temporero a una empleada responde a su estado de embarazo y es producto de discriminación por razón de género?  Concluimos en la afirmativa. Veamos.

El Artículo 18 de la Ley Núm. 69, <u>supra</u>, dispone, en lo pertinente, lo siguiente:

> En la sentencia que se dictare contra cualquier patrono u organización obrera se le impondrán a éstos las costas y una suma razonable que nunca será menor de trescientos (300) dólares para honorarios de abogado, si éste no fuere uno de los abogados del Departamento del Trabajo y Recursos Humanos.

En vista de que el Artículo 2 de la Ley Núm. 69, <u>supra</u>, considera patrono al gobierno, sus agencias y subdivisiones políticas, y el Artículo 18 de la Ley Núm. 69, <u>supra</u>, dispone sobre la obligación de los tribunales de imponer a los patronos una suma razonable por concepto de honorarios de abogado que nunca será menor de trescientos dólares ($300), cuando se dicta sentencia en su contra, concluimos que el Tribunal de Primera Instancia y el Tribunal de Circuito de Apelaciones erraron al no condenar solidariamente al Municipio de Guaynabo a pagar la suma por concepto de honorarios de abogado determinada.  Bajo las circunstancias particulares de este caso no podríamos resolver otra cosa que no sea que el municipio, como patrono perdidoso, tiene la obligación de pagar honorarios de abogado.

La parte recurrida arguye que por razón de que el Tribunal de Primera Instancia convirtió el procedimiento en uno ordinario y el remedio concedido fue uno de daños y perjuicios y no en resarcimiento de salarios u otros beneficios, no es procedente imponerle al Municipio de Guaynabo el pago de honorarios de abogado.  No tiene razón.  El remedio concedido fue el contemplado por el Artículo 21 de la Ley Núm. 69, <u>supra</u>.[12]  No es

---

[10] 29 L.P.R.A. sec. 1334.
[11] 29 L.P.R.A. sec. 1338.
[12] 29 L.P.R.A. sec. 1341.  Dicho estatuto dispone, en parte, lo siguiente:

el procedimiento utilizado el criterio que gobierna la imposición de honorarios de abogado a un municipio, bajo las circunstancias particulares de este caso, sino la ley sustantiva aplicable.

V

Por los fundamentos antes expuestos, procede expedir el auto de **Certiorari** solicitado y revocar la sentencia recurrida, así como la resolución emitida por el Tribunal de Primera Instancia eximiendo del pago de honorarios de abogado al Municipio de Guaynabo.

Se dictará sentencia de conformidad.

**Efraín E. Rivera Pérez**
**Juez Asociado**

---

Toda persona, patrono y organización obrera según se definen en este Capítulo, que incurra en cualquiera de las prohibiciones del mismo:

(a) Incurrirá en responsabilidad civil:

(1) Por una suma igual al doble del importe de los daños que el acto haya causado al empleado o solicitante de empleo;

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Madeline Pérez Fernández

     Peticionaria

        v.

Municipio de Guaynabo,
Héctor O'Neill y Antonio          CC-2001-217      Certiorari
O'Neill, respectivamente
Alcalde y Director de
Personal del Municipio, en
su carácter oficial y
personal

     Recurridos

SENTENCIA

San Juan, Puerto Rico, a 5 de agosto de 2001.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de <u>Certiorari</u> solicitado y se revoca la sentencia recurrida, así como la resolución emitida por el Tribunal de Primera Instancia eximiendo del pago de honorarios de abogado al Municipio de Guaynabo. Se le impone la obligación al referido Municipio, en forma solidaria, del pago a la parte demandante de autos de los honorarios de abogado determinados por el Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo