Jiménez Velázquez, Juez Ponente
*795 TEXTO COMPLETO DE LA SENTENCIA
El señor Alejandro Del Valle Maldonado presenta el 10 de octubre de 2007 un recurso de certiorari original (KLCE-2007-01508) para que revoquemos la Resolución dictada el 30 de agosto de 2007 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, mediante la cual convierte el procedimiento laboral sumario al amparo de la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. see. 3118 et seq., en uno de naturaleza ordinario, y además, limita el descubrimiento de prueba del obrero al denegar varias órdenes dirigidas a ciertas instituciones bancadas donde el patrono tuviera depositado sus fondos.
Mediante Resolución del 19 de octubre de 2007 le ordenamos al patrono, Intercontinental Marketing Group, Inc., que en el término de diez (10) días mostrara causa por las cuales no deberíamos expedir el auto de certiorari original. Dicha Resolución fue notificada y archivada en autos el 26 de octubre del comente. El patrono ha comparecido el 6 de noviembre del 2007 oponiéndose a que se expida el recurso. También ha hecho reserva de su derecho para presentar su alegato de este foro apelativo expedir el recurso de certiorari original.
Mientras tanto, el querellante presenta ante este foro apelativo una Moción en Auxilio de Jurisdicción el 26 de octubre de 2007 en la que objeta unos avisos de toma de deposición y producción de documentos a la esposa del querellante y a un testigo, en la que el patrono les solicita que produzcan sus Planillas de Contribución sobre Ingresos desde el año contributivo 2001 hasta 2004. Plantea el querellante que dicha solicitud de información es impertinente y privilegiada, y que el TPI debió resolverla con un No Ha Lugar, en vez de solicitarle el 27 de septiembre de 2007 al patrono que se expresara sobre la oposición interpuesta.
El pasado 14 de noviembre de 2007 expedimos el recurso de certiorari. No obstante, el peticionario presenta el 12 de diciembre de 2007 una segunda Moción en Auxilio de Jurisdicción, mientras está pendiente de presentarse el alegato del patrono en cuanto al recurso de certiorari que expidiéramos. La segunda petición de auxilio se refiere a otra orden dictada el 27 de noviembre de 2007 por el TPI que deniega una solicitud de orden protectora ante el alcance del descubrimiento de prueba, esta vez, cursado por el patrono al peticionario mediante el cual hay un requerimiento de proveer unas Planillas de Contribución sobre Ingresos de una tercera persona. Esta segunda petición en auxilio de jurisdicción da paso a un segundo recurso de certiorari (KLCE-2007-01871), presentado el 14 de diciembre de 2007, el cual versa exactamente sobre lo planteado en la petición: objeciones al descubrimiento de prueba. Ante la solicitud del querellante para que se consoliden ambos recursos contenida en su moción presentada el 2 de enero de 2008, sin que se haya presentado oposición alguna a la solicitud de consolidación, procedemos a consolidar ambos recursos al amparo de la Regla 80.1 del Reglamento del Tribunal de Apelaciones. 4 L.P.R.A. Ap. XXII-B, R. 80.1.
El patrono Intercontinental Marketing Group, Inc. ha presentado el 17 de diciembre de 2007 su alegato en *796 oposición al recurso de certiorari expedido.
Con el beneficio de la posición del patrono peticionado, Intercontinental Marketing Group, Inc., y la jurisprudencia aplicable, resolvemos conforme a derecho.
I
El señor Alejandro Del Valle Maldonado (en adelante “querellante”) presenta el 9 de mayo de 2007 contra su patrono Intercontinental Marketing Group, Inc. (en adelante “IMG”), una Querella al amparo de la Ley Núm. 2 del 17 de octubre de 1961, supra, para el cobro mediante el proceso sumario sobre varias reclamaciones de horas extras, por días sábados trabajados y de horas de almuerzo trabajadas y no pagadas al amparo de la Ley Núm. 180 de 27 de julio de 1998, 29 L.P.R.A. see. 185 (1), en las cantidades de $59,400, $43,560 y $23,760, respectivamente; y otra reclamación montante a $14,300, más su penalidad por despido injustificado al amparo de la Ley Núm. 128 de 7 de octubre de 2005, 29 L.P.R.A. see. 125 (a) y (b). También, en la Querella se reclama una suma razonable para costas, gastos y honorarios de abogado.
El patrono IMG presenta oportunamente la Contestación a Querella debidamente juramentada el 18 de mayo de 2007 en la que niega haber despido al querellante. En su contestación, el patrono IMG contesta los trece (13) párrafos de la Querella negando algunos, aceptando otros, y presentando varias defensas afirmativas hasta reservarse otras defensas que pudieran surgir durante el descubrimiento de prueba. Finalmente, IMG solicita que la Querella se declare no ha lugar con imposición de costas, gastos y honorarios de abogado a su favor.
El 9 de julio del corriente, el querellante informa al Tribunal de Primera Instancia (en adelante “TPF) que se propone deponer al patrono en determinadas fechas, pero que le ha sido imposible coordinar la misma con la representación legal de IMG, por lo que solicita una orden judicial para que la deposición se lleve a cabo el 20 de agosto del corriente. El TPI declara con lugar la solicitud el 11 de julio de 2007, y apercibe al patrono que deberá comparecer llevando consigo todos los documentos requeridos en el Aviso de Toma de Deposición, a saber: todos y cada uno de los cheques que pagó al querellante como salario, que cubren el período comprendido en la Querella, el pago de Seguro Social al querellante, documentos que acrediten los descuentos efectuados al salario, y original y/o copias de las nóminas firmadas por el querellante. Dicha orden se notifica el 12 de julio de dicho mes y año.
Entretanto, el 10 de julio de 2007, el querellante presenta ante el TPI una moción solicitando varias órdenes judiciales para que ciertas entidades bancarias le informaran al tribunal y al querellante los números de las cuentas bancarias a nombre de IMG y sus balances dentro del período comprendido en la reclamación.
Así las cosas, IMG presenta el 16 de julio su oposición a que el TPI expidiera “una serie de órdenes de producción de información sobre una serie de alegadas cuentas bancarias” del patrono. En dicha oposición al descubrimiento de prueba, el patrono solicita también la conversión del procedimiento sumario a uno ordinario. Es decir, el patrono plantea que ante la “controversia creada por la solicitud de información presentada por la parte [querellante], ... solicita se ordene la conversión del caso a un procedimiento ordinario.” Además, el patrono IMG solicita que se le provea copia de toda pieza documental, evidencia física, informes, certificaciones y/o de cualquier otro tipo, así como se le informe la identidad de los testigos del querellante para poder coordinar las deposiciones al querellante y a sus testigos.
El querellante presenta el 23 de julio del corriente su oposición a que se deniegue su solicitud de acceso a determinada información sobre las cuentas bancarias del patrono, y también dice en el título que se opone a la conversión del procedimiento sumario a uno de naturaleza ordinario, pero en el contenido de la moción, no se expresa razón, argumento o fundamento alguno en oposición a la conversión solicitada. Tampoco la réplica de IMG del 31 de julio de 2007 aborda el asunto de la conversión de los procedimientos judiciales.
*797 El TPI dicta una Resolución el 30 de agosto de 2007 mediante la cual declara No Ha Lugar, por el momento, la solicitud del querellante de varias órdenes judiciales para obtener información sobre las cuentas bancadas del patrono. Ahora bien, el TPI procede en dicha Resolución a la conversión de los procedimientos para el cobro de las reclamaciones laborales de carácter sumario a uno de tipo ordinario, “en vista de la naturaleza de los reclamos interpuestos por el querellante, los cuales evidentemente requerirán la realización de un descubrimiento de prueba mucho más extenso que el permitido por el trámite sumario de reclamaciones laborales". Dicha Resolución se notifica a las paites el 21 de septiembre de 2007.
El querellante, inconforme con la determinación judicial del TPI de convertir sus reclamaciones laborales a un procedimiento ordinario, presenta oportunamente el recurso de certiorari original el 10 de octubre de 2007.
Mediante Resolución del 19 de octubre de 2007 le ordenamos al patrono, IMG que en el término de diez (10) días mostrara causa por las cuales no deberíamos expedir el auto de certiorari original. Dicha Resolución fue notificada y archivada en autos el 26 de octubre del corriente. El patrono ha comparecido el 6 de noviembre del 2007 oponiéndose a que se expida el recurso. También ha hecho reserva de su derecho para presentar su alegato de este foro apelativo expedir el recurso de certiorari original.
El patrono IMG plantea en su oposición a que se expida el recurso, en esencia, varios argumentos, a saber: (1) que el TPI tiene discreción amplia para ordenar la conversión del procedimiento sumario a un pleito ordinario, y que al así ejercerla, procede el TPI correctamente al tomar en consideración “las circunstancias del caso (2) que los tribunales apelativos deben abstenerse de revisar resoluciones interlocutorias de casos laborales; (3) que la solicitud de descubrimiento de prueba promovida por el propio querellante es la base y justificación para la conversión de los procedimientos; (4) que el propio querellante excluye del recurso presentado las mociones promovidas para obtener la información bancaria denegada; (5) que el caso no cumple con los criterios para la expedición del auto de certiorari contenidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 40; y (6) que de conformidad con la totalidad del expediente del caso en la determinación del TPI, no media prejuicio, parcialidad y/o error manifiesto.
En cuanto a la Moción en Auxilio de Jurisdicción presentada por el querellante el 26 de octubre de 2007, IMG entiende que debe denegarse por ser prematura, ya que el TPI no ha actuado respecto a la oposición interpuesta por el querellante, es decir, el TPI no ha resuelto el asunto ante su consideración. 
En el alegato en oposición del 17 de diciembre de 2007 al recurso de certiorari original, el patrono incorpora su argumentación en oposición a que se expidiera el recurso. Además, IMG sostiene en su alegato que este foro apelativo debe abstenerse de intervenir en esta etapa de los procedimientos ante instancia porque la determinación judicial de convertir los trámites a uno de tipo ordinario es provocada por la propia solicitud extensa de descubrimiento de prueba del propio peticionario. Además, que el peticionario voluntariamente se aparta de la norma de atender el caso sumariamente cuando solicita información al patrono que se desvía de lo necesario, es decir, no se limita al cálculo de los beneficios alegadamente dejados de recibir por un período extenso de tiempo, sino que se adentra en otras cuestiones periferales.
II
Como cuestión de umbral, es necesario puntualizar que una resolución interlocutoria dictada por el TPI en el seno de una reclamación de salarios instado bajo la Ley Núm. 2, supra, es revisable ante nos sólo mediante un recurso de certiorari. Dávila, Rivera v. Antilles Shipping, Inc., 147 D.P.R. 483, 493-495 (1999); Ocasio v. Kelly Servs., 163 D.P.R. _ (2005), 2005 J.T.S. 9. Ahora bien, el ejercicio de la función revisora de los foros apelativos en estos casos de reclamaciones sumarias laborales está limitado en su alcance, pues como regla general no son revisables. Ello responde al interés público y a la intención legislativa que dimana de la Ley Núm. 2 de 1961 para evitar cualquier dilatación en la tramitación de las reclamaciones sobre salarios de los trabajadores ante el foro judicial.
*798 Por ello procedimos el 14 de noviembre de 2007 a expedir el recurso de certiorari original en el ejercicio prudente y mesurado de nuestra discreción judicial apelativa al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, la cual establece los criterios que este Tribunal debe tomar en consideración al ejercer su discreción y determinar si es procedente la expedición de un auto de certiorari o de una orden de mostrar causa.
Entonces puntualizamos que dicha norma reglamentaria del foro apelativo que recopila los criterios para determinar si se expide un auto de certiorari están en armonía con lo resuelto por el Tribunal Supremo en Dávila, Rivera v. Antilles Shipping, Inc., supra, a la pág. 498, al resolver:
“Así, pues, concluimos que, con el objetivo de salvaguardar la intención legislativa, autolimitados nuestra facultad revisora, y la del Tribunal de Circuito de Apelaciones, en aquellos casos de resoluciones interlocutorias dictadas al amparo de la citada Ley Núm. 2 con excepción de aquellos supuestos en que la misma se haya dictado sin jurisdicción por el tribunal de instancia y en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo; esto es, en aquellos casos extremos en que la revisión inmediata, en esa etapa, dispongan del caso, o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una “grave injusticia” (miscarriage of justice).
Corresponde ahora examinar la jurisprudencia que establece los parámetros para la intervención del foro apelativo en este tipo de casos. Veamos.
La naturaleza sumaria de los casos laborales está anclada en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. see. 3118 et seq., mediante la cual se crea un mecanismo procesal con el propósito de lograr una rápida consideración y adjudicación de querellas presentadas por empleados u obreros contra sus patronos, principalmente en casos de reclamaciones salariales y beneficios. Ocasio v. Kelly Services, 163 D.P.R. _ (2005); Opinión el 20 de enero de 2005, 2005 J.T.S. 9; Lucero Cuevas v. San Juan Star Company, 159 D.P.R. 494 (2003); Ríos v. Industrial Optic, 155 D.P.R. 1 (2001); Ruiz v. Col. San Agustín, 152 D.P.R. 226 (2000); Berríos v. González et al., 151 D.P.R. 327 (2000); Rivera v. Insular Wire Products Corp., 140 D.P.R. 912, 920-3 (1996).
En consideración a la política pública de proteger el empleo, desalentando el despido sin justa causa y proveyendo al obrero así despedido los medios económicos para la subsistencia de éste y de su familia, en la etapa de transición entre empleos, estos casos de despido del empleo por su naturaleza y finalidad requieren ser resueltos a la brevedad posible. Mercado Cintrón v. Zeta Com., Inc., 135 D.P.R. 737 (1994); Srio. del Trabajo v. J.C. Penney Co., Inc., 119 D.P.R. 660 (1987); Resto Maldonado v. Galarza Rosario, 117 D.P.R. 458 (1986); Díaz v. Hotel Miramar Corp., 103 D.P.R. 314 (1975).
A fin de lograr dichos propósitos, y tomando en consideración la disparidad económica entre el patrono y el obrero, y el hecho de que la mayor parte de la información sobre la reclamación salarial está en poder del patrono, la Ley establece lo siguiente: (1) términos cortos para la contestación de la querella presentada por el obrero o empleado; (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de la Reglas de Procedimiento Civil; (6) una limitación específica sobre el uso de mecanismos de descubrimiento de prueba; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; (8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella; y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. En un balance de intereses entre el obrero y el patrono, esta legislación laboral le impone una carga procesal más onerosa al patrono; sin embargo, no lo privan de cualesquiera defensas legítimas en protección de sus derechos.
*799 Dicho estatuto le ha impartido dinamismo al proceso de adjudicación de otras reclamaciones laborales al amparo de diversas leyes laborales, tales como: (1) reclamaciones de salarios y beneficios; (2) las reclamaciones interpuestas por despido injustificado bajo la Ley Núm. 80 de 30 de mayo de 1976, 29 L.P.R.A. sec. 185(a) et seq.; (3) las reclamaciones bajo el Artículo 5A de la “Ley de Compensaciones por Accidentes del Trabajo”, Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. secs. 1 et seq.; (4) las reclamaciones incoadas al amparo de la “Ley Antidiscrimen”, Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. see. 146; y (5) las reclamaciones al amparo de la Ley Núm. 115 de 20 de diciembre de 1991, mejor conocida como “Ley de Represalias”, 29 L.P.R.A. see. 194 et seq. Véase, Rivera v. Insular Wire Products Corp., a las págs. 922 a 927 sobre su alcance respecto a otras leyes laborales protectoras especiales.
Siendo el procedimiento sumario al amparo de la Ley Núm. 2 uno con espíritu reparador, el mismo debe interpretarse liberalmente a favor del empleado. Esta norma ha sido ampliamente reiterada por el Tribunal Supremo de Puerto Rico. Piñero González v. A.A.A., 146 D.P.R. 890, 901-902 (1998).
No obstante el carácter sumario de este tipo de caso laboral, el Tribunal Supremo ha reiterado su criterio de que cuando se formule oportunamente ante los Tribunales de Primera Instancia una solicitud para convertir el procedimiento sumario en uno ordinario, dicho foro, en el ejercicio de su discreción judicial, debe hacer un análisis cuidadoso de la naturaleza de la reclamación y de los intereses involucrados tanto del obrero como del patrono, a la luz de las circunstancias específicas de las reclamaciones contenidas en la querella, a fin de determinar si encauza el procedimiento por la vía sumaria u ordinaria. También, el Tribunal de Primera Instancia, de estimarlo necesario, podrá celebrar una vista para dilucidar esta controversia. Berrios, supra.
En el contexto del alcance del descubrimiento de prueba en los casos laborales que se ventilan por la vía sumaria es cardinal lo resuelto en los casos de Dávila, Rivera, supra, Berríos, supra, y en Alfonso Brú v. Trane Export, Inc., 155 D.P.R. 158 (2001).
En Dávila, Rivera, supra, a la págs. 502-504, queda meridianamente claro que la See. 3 de la Ley Núm. 2, supra, establece que no podrá someterse a la otra parte a más de un interrogatorio o deposición ni podrá tomársele una deposición después de habérsele sometido un interrogatorio y viceversa, con la única excepción de que medien circunstancias excepcionales que a juicio del tribunal justifiquen otra deposición o interrogatorio. De igual manera, dicha sección establece que no se permitirá la toma de deposición a los testigos sin la autorización del tribunal, previa determinación de la necesidad de utilizar dicho procedimiento. También se aclara que ello no impide a una paite deponer a un testigo aunque se haya usado el mecanismo del interrogatorio respecto a la parte adversa. Por lo tanto, se puede cursar un interrogatorio a la parte adversa, como también se puede deponer a un testigo de dicha paite, si media autorización judicial previa. Estos dos mecanismos de descubrimiento de prueba no son excluyentes en el seno de una reclamación laboral por la vía sumaria.
El Tribunal Supremo, en Berrios, supra, a la pág. 345, aclara que una lectura integral de la Ley Núm. 2 revela que en el caso del patrono querellado, los mecanismos de descubrimiento de prueba se han adoptado para descubrir prueba pertinente a la querella que no puede ser obtenida por éste de otra forma, ya que no está bajo su control en expedientes, listas o nóminas del trabajo. Por lo tanto, se reconoce que bajo circunstancias excepcionales, los tribunales pueden ampliar el descubrimiento de prueba más allá de una sola deposición o un sólo interrogatorio. Es decir, los tribunales tienen discreción para flexibilizar las limitaciones que la Ley Núm. 2 impone al patrono en cuanto al descubrimiento de prueba sin abandonar el cause sumario de la querella.
Ahora bien, en BerriosL supra, se plantean una serie de factores al considerar la posibilidad de la conversión de un procedimiento sumario a uno ordinario que tiene tangencia con el descubrimiento de prueba cuando la querella contiene una reclamación de daños en concepto de angustias mentales. El caso de Berrios\ supra, resuelve que las partes vienen obligadas a poner al tribunal en posición de examinar varios factores, a saber: *800 (1) si, a la luz de las circunstancias particulares de la querella, el descubrimiento de prueba, dentro de los parámetros de la Ley Núm. 2, crearía un riesgo sustancial de que se produzca una determinación errónea de la valorización de los daños; (2) si el cuadro fáctico no es lo suficientemente explícito como para poner a la querellada en posición de conocer razonablemente los hechos específicos; y (3) si la adjudicación amerita la prolongación del descubrimiento de prueba más allá de los parámetros del procedimiento sumario. Podemos apreciar que dicho factores son útiles y pertinentes en el proceso decisional del tribunal de instancia cuando tiene ante sí una reclamación de daños en concepto de angustias mentales como parte de la querella. Por lo tanto, los tres factores anteriormente mencionados no son criterios a ponderar para una conversión en todos los casos bajo la Ley Núm. 2, mucho menos cuando la querella no contiene reclamación alguna en daños por angustias mentales. En ausencia de este tipo de reclamación por daños en la querella, no se justifica la conversión del procedimiento a uno ordinario bajo la excusa de que las peticiones de información del trabajador podrían requerir un descubrimiento de prueba más extenso.
En cuanto al descubrimiento de prueba que se pudiera extender a la información económica contenida en las planillas de contribución sobre ingresos de un individuo, ya en Alfonso Brú, supra, a la pág. 168, se expone que el Tribunal Supremo ha resuelto, como regla general, que no procede este tipo de descubrimiento contra demandados en casos de daños y perjuicios, y tampoco cuando la razón del descubrimiento es revelar la capacidad económica de un deudor para satisfacer la sentencia que en su día pueda recaer contra éste. Por último, el caso puntualiza citando con aprobación a General Electric v. Concessionaries, Inc., 118 D.P.R. 32, 40-42 (1986), que cuando la condición económica de la parte no es un elemento de la reclamación, tampoco procede ese tipo de descubrimiento. Más aún, está resuelto que en cuanto a la información económica contenida en la planilla de contribución sobre ingresos, que la misma no constituye materia privilegiada, pero la misma no puede estar sujeta a descubrimiento indiscriminado, sino que debe hacerse disponible aquella información que es pertinente. Rodríguez v. Scotiabank de P.R., 113 D.P.R. 210, 216 (1982). Por lo tanto, todo promovente de una requisición de planillas de contribución sobre ingresos tiene el peso de demostrar la pertinencia y necesidad de tal descubrimiento.
En definitiva, la determinación de encauzar el caso laboral por la vía ordinaria es el resultado de una decisión balanceada y ponderada de un tribunal, luego de la puesta en marcha de su discreción judicial; por lo tanto, la función revisora de cualquier foro apelativo está limitada a auscultar si dicha discreción judicial ha sido ejercida con mesura, sosiego, como producto del examen cuidadoso de las reclamaciones contenidas en la querella, y en atención a los intereses de todas las partes involucradas.
III
En el presente caso podemos apreciar varios aspectos pertinentes a la solicitud de conversión de los procedimientos: (1) que la solicitud de conversión la formula el propio patrono IMG, no el trabajador querellante; (2) que la solicitud del patrono IMG no es oportuna, pues no se formula conjuntamente con la contestación a la querella, sino transcurridos dos (2) meses de contestada la querella; (3) que la solicitud de conversión se plantea a modo de una represalia o en reacción a la solicitud de información bancaria requerida por el querellante; (4) que la información bancaria requerida por el querellante no se le brinda en ese momento, pues su entrega queda pospuesta para una ocasión no determinada e incierta, pero sirve de excusa o razón al TPI para permitir la conversión de los procedimientos; (5) que del examen cuidadoso y minucioso de las alegaciones y reclamaciones contenidas en la Querella, no surge reclamo de remedio alguno que no pueda cuantificarse matemáticamente; (6) que en la Querella no existen reclamos por daños en concepto de angustias mentales; y por lo tanto, (7) que no se justifica descubrimiento de prueba alguno relativo a las cuentas bancarias del patrono como tampoco de las Planillas de Contribución sobre Ingresos de terceros, ya que tales documentos no son pertinentes, mucho menos necesarios, para resolver los reclamos del trabajador que pueden cuantificarse a partir de documentos o expedientes, listas o nóminas de trabajo bajo el control exclusivo del patrono IMG. La conversión del procedimiento laboral de sumario a uno de tipo ordinario, no tiene justificación alguna a base de los factores y parámetros establecidos en la jurisprudencia citada previamente.
*801 En su consecuencia, consideramos que el TPI ha excedido su discreción judicial al autorizar la conversión del procedimiento sumario laboral para encausarlo por la vía ordinaria. Ello ha dilatado injustificadamente la resolución oportuna de los reclamos del trabajador y la protección adecuada de los intereses de ambas partes en el presente litigio. En lo sucesivo, los procedimientos ante el TPI continuarán por la vía sumaria y el descubrimiento de prueba deberá realizarse en armonía con lo aquí dispuesto.
Notifíquese inmediatamente mediante telefax y por la vía ordinaria, a todas las partes en el pleito y al TPI.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2008 DTA 21
1. La querella enmendada se presenta ante el TPI el 21 de septiembre de 2007 mediante la cual se modifica la reclamación inicial de $8,650 por concepto de mesada a la cantidad final de $14,300 conforme la sección 125 (a) y (b) de la Ley Núm. 128 de 2005 antes citada.
2. La solicitud de información bancada pretende justificarse bajo el argumento de que “es meritoria para saber qué aportaciones hacía el patrono al Seguro Social del querellante, al Departamento de Hacienda del Estado Libre Asociado de Puerto Rico por concepto de deducciones de contribuciones sobre el salario, deducciones de incapacidad y otras deducciones que pudiera afectar directamente el salario” del querellante, y por ende, afectar su reclamación.
3. Este foro apelativo no tomará en cuenta las imputaciones recíprocas de los abogados sobre alegadas violaciones éticas por considerarlas impertinentes a la controversia medular sobre la procedencia de la conversión de los procedimientos de uno sumario a ordinario.
4. Nada dice el patrono sobre cuáles son esas circunstancias del caso, amén de la controversia en torno al descubrimiento frustrado sobre las cuentas bancadas.
5. Claro está, ello aplica cuando el procedimiento está encausado sumariamente, no luego de su conversión a un pleito ordinario.
6. Es importante aclarar que el querellante no solicita la conversión de los procedimientos, sino el patrono, luego de dos (2) meses de haber contestado la querella. Además, el TPI no concede la solicitud del querellante, sino que la pospone, pero no sabemos para qué etapa del caso. Es decir, que una solicitud declarada “no ha lugar por el momento” constituye razón judicial suficiente para convertir el procedimiento laboral sumario a un pleito ordinario.
7. En esta etapa del caso, ya conocemos que el TPI ha denegado la orden protectora solicitada por el querellante y que motiva la segunda moción en auxilio de jurisdicción en el caso de epígrafe, así como la presentación del segundo recurso de certiorari: KLCE-2007-01871.
8. En particular, respecto a aquellas peticiones de información que pudiéramos catalogar como impertinentes a la médula de la controversia del caso laboral.