Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MARCOS D. RIVERA PAGÁN<br>NATALIA I. LEBRÓN MAYOR<br><br>*Recurridos*<br><br>v.<br><br>SOLAR NOW PUERTO RICO,<br>LLC<br><br>*Peticionaria* | KLCE202400781 | *Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de<br>Guaynabo<br><br>Caso Núm.:<br>BY2021CV04729<br>(202)<br><br>Sobre:<br>Salarios/<br>Procedimiento<br>Sumario Laboral |

Panel integrado por su presidenta, la Juez Barresi Ramos, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de agosto de 2024.

Comparece ante nos Solar Now Puerto Rico, LLC (Solar Now o parte peticionaria) mediante recurso de *Certiorari* y solicita que revoquemos la *Resolución* interlocutoria que emitió el Tribunal de Primera Instancia, Sala Superior de Guaynabo (TPI o foro primario), el 2 de julio de 2024[1]. Mediante el referido dictamen, el foro primario autorizó el testimonio del señor Alexis R. Acha Medina como perito de la parte recurrida.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del recurso presentado.

## I.

Surge del expediente apelativo que el 17 de noviembre de 2021, el señor Marcos D. Rivera Pagán (señor Rivera Pagán) y la señora Natalia I. Lebrón Mayor (señora Lebrón Mayor) (ambos, parte recurrida) presentaron una *Querella*. En específico, el señor Rivera

---

[1] La *Resolución* fue notificada y archivada en autos el mismo 2 de julio de 2024.

Número Identificador
RES2024_____

Pagán alegó que Solar Now le adeuda salarios trabajados no pagados que ascienden a cinco mil novecientos cincuenta dólares con veinticinco centavos ($5,954.25), a su vez, reclamó la aplicación de la doble penalidad que concede la *Ley de Vacaciones y Licencia por Enfermedad de Puerto Rico,* en su Artículo 9 de la Ley 180-1998[2], que equivale a un total de Diez mil setecientos cincuenta y tres dólares con ochenta y cinco centavos ($10,753.85).

Igualmente, la señora Lebrón Mayor, al amparo de la Ley 180-1998, *supra,* solicitó el pago de quinientos ochenta y dos dólares con cuarenta y siete centavos ($582.47) por concepto de salarios trabajados no pagados. De igual forma, reclamó la penalidad que concede la mencionada Ley.

La parte recurrida invocó el procedimiento sumario laboral dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, mejor conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales*[3].

Como colorario de lo anterior, el 29 de diciembre de 2021, Solar Now presentó *Contestación a Querella,* en la que negó que le adeuda salarios trabajados a la parte recurrida. Además, arguyó que la Querella presentada fue temeraria.

El 24 de marzo de 2022, la parte recurrida presentó *Querella Enmendada*[4]. En lo que respecta al señor Rivera Pagán, este añadió las siguientes alegaciones, a saber: la actitud de Solar Now de no enmendar el formulario W2 le ocasionó daños para la presentación de las planillas contributivas, esto constituye una violación a la Ley 115 de 20 de diciembre de 1998, según enmendada, mejor conocida como la *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o*

---

[2] 29 LPRA secc. 250, i.
[3] 32 LPRA secc. 3113.
[4] Véase páginas 8-12 del Apéndice del recurso de *certiorari*.

*Judicial*[5]. En esta ocasión, cambió las cuantías reclamadas previamente, entiéndase, solicita $21,507.70 por concepto de salarios adeudados, más una doble penalidad por salarios adeudados, así como la cantidad de $100,000.00 por concepto de daños y angustias mentales, más el 25% por concepto de honorarios de abogados.

Empero, la señora Lebrón Mayor enmendó las cantidades reclamadas, las cuales ahora ascienden a $6,489.86, más 100,000.00 por daños y perjuicios[6] y honorarios de abogados.

El 27 de mayo 2022, Solar Now presentó su *Contestación a Querella Enmendada*. En esta, reiteró que no le adeudaba salarios trabajados a la parte recurrida y sostuvo que la *Querella Enmendada* presentada es temeraria.

El 3 de febrero de 2023, la parte recurrida enmendó nuevamente la querella mediante escrito intitulado *Segunda Querella Enmendada*[7], en lo pertinente, el señor Rivera Pagán alegó que le adeudaban comisiones no pagadas, horas trabajadas para la semana del 18 al 22 de octubre de 2021, más una partida de honorarios. Por su parte, la señora Lebrón Mayor adujo que se le adeudaba la semana que comprende el período del 18 al 29 de octubre de 2021, más la penalidad y honorarios de abogados. Oportunamente, Solar Now presentó *Contestación a Segunda Querella Enmendada*[8].

Respecto a la controversia ante nuestra consideración, el 3 de febrero de 2023, la parte recurrida presentó *Moción de Designación de Perito*[9] y anunció al señor Alexis R. Acha Medina como testigo

---

[5] 29 LPRA secc. 194.
[6] Reclamación jurídica, idéntica a la del señor Rivera Pagán, lo que cambia son las cuantías.
[7] Véase las páginas 19-23 del Apéndice del recurso de *certiorari*.
[8] Véase las páginas 25-32 del Apéndice del recurso de *certiorari*.
[9] Véase la página 24 del Apéndice del recurso de *certiorari*.

pericial en el área de cómputo de todo tipo de partida salarial adeudada.

El 12 de enero de 2024, las partes presentaron ante el foro primario el *Informe sobre Conferencia con Antelación al Juicio*[10], en el cual ambas partes anunciaron prueba pericial[11]. El 13 de abril de 2024, las partes presentaron *Informe Enmendado sobre Conferencia con Antelación al Juicio*[12], el cual, con relación a los peritos, fue idéntico al anterior[13].

Tras varias incidencias procesales, el 15 y 16 de abril de 2024 se celebró el juicio. Solar Now se opuso a la presentación del perito de la parte recurrida, señor Acha Medina. Esbozó que, si el TPI permite el testimonio pericial sobre cómputos relacionados a horas extras y periodos de almuerzo, este estaría usurpando las funciones del TPI. La parte recurrida se opuso.

El 2 de julio de 2024, el foro primario emitió *Resolución* sobre la controversia trabada en cuanto permitir o no el testimonio pericial. En esta, el TPI dispuso que la utilización del perito Acha Medina se haría conforme con las Reglas de Evidencia[14]; y, además, detalló lo siguiente:

> *Aclaramos, que tal testimonio podrá ser evaluado si luego de evaluada la totalidad de la prueba, determinamos que efectivamente a los querellantes se le adeuda dinero por concepto de horario de almuerzo y horas extras. La naturaleza del testimonio propuesto en nada usurpa las funciones del Tribunal en cuanto a tal evaluación*[15].

Inconforme con esta determinación, Solar Now acudió ante nosotros mediante recurso de *Certiorari* y señaló como único error el siguiente:

> Erró el Honorable Tribunal de Primera Instancia al no excluir el testimonio pericial del Sr. Alexis Acha por tratarse de una opinión legal.

---

[10] Véase las páginas 33-81 del Apéndice del recurso de *certiorari*.
[11] *Íd.*, pág. 80. Solar Now objetó el testimonio pericial del señor Acha Medina por alegadamente este no cumplir con los requisitos para ser perito.
[12] Véase las páginas 90-136 del Apéndice del recurso de *certiorari*.
[13] El Informe fue debidamente aprobado por el TPI.
[14] 32 LPRA Ap. VI.
[15] Véase las páginas 291-292 del Apéndice del recurso de *certiorari*

El 24 de julio de 2024, la parte recurrida compareció mediante *Oposición a Expedición de Auto de Certiorari.*

Perfeccionado el recurso, estamos en posición de resolver.

**II.**

**-A-**

La Ley Núm. 2, *supra,* establece un procedimiento sumario para la tramitación de las reclamaciones sobre derechos o beneficios laborales que tenga un obrero o empleado contra su patrono, así como cualquier suma de dinero debida por concepto de compensación por trabajo realizado para dicho empleador[16]. También, mediante este procedimiento, el obrero o empleado podrá reclamar cualquier compensación en caso de haber sido despedido sin causa justificada[17].

Se trata de un mecanismo judicial simple y ágil para la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, principalmente en casos de reclamaciones de salario o beneficios laborales. De ese modo, se garantiza al obrero la vindicación pronta de sus derechos y se protege su modo de subsistencia[18].

La Ley Núm. 2 establece: (1) términos cortos para presentar la contestación de la querella o demanda; (2) criterios para conceder una sola prórroga para la contestación de la querella o demanda; (3) un mecanismo rápido y ágil para diligenciar el emplazamiento del patrono; (4) un limitado proceso para presentar defensas y objeciones; (5) criterios para la aplicación limitada de las Reglas de Procedimiento Civil; (6) la utilización restringida de los mecanismos de descubrimiento de prueba; (7) la aplicación limitada de las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con

---

[16] 32 LPRA sec. 3118.
[17] *Íd.*
[18] *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 928 (2008); *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996).

el procedimiento sumario; (8) la facultad de los tribunales de emitir la sentencia en rebeldía cuando el patrono querellado incumple con el término para contestar la querella o demanda; y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo[19].

La naturaleza sumaria de este procedimiento constituye su característica esencial, por lo que los tribunales están obligados a promover y a exigir diligencia y prontitud en la tramitación de las reclamaciones laborales, conforme al claro mandato legislativo plasmado en la ley especial[20]. Le corresponde a las partes y a los tribunales respetar los términos cortos dispuestos en la legislación para contestar la querella; los criterios para conceder una prórroga para contestar la querella y las limitaciones en el uso de los mecanismos de descubrimiento de prueba[21].

La Ley Núm. 2, *supra,* también provee penalidades a las partes por incurrir en conducta que atente contra el carácter sumario del procedimiento. La sección 3 establece que, luego de tramitada la querella por parte del demandante, el querellado tendrá 10 días, a partir de su notificación, para contestar la querella, si esta se hiciere en el distrito judicial en el que se promueve la acción. En los casos en que la parte querellada no presente contestación a la querella dentro del término correspondiente, la misma sección provee que:

> […] se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga[22].

---

[19] Ley Núm. 2, 32 LPRA secs. 3120, 3121, 3133, *Vizcarrondo Morales v. MVM, Inc.*, *supra*; *Rivera v. Insular Wire Products, Inc.*, *supra*.
[20] *Mercado Cintrón v. Zeta Communications, Inc.*, 135 DPR 737, 742 (1994).
[21] *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 169-170 (2001); *Dorado Beach Corp. v. Tribunal Superior*, 92 DPR 610, 618 (1965).
[22] Ley Núm. 2, Sec. 3, 32 LPRA, sec. 3120.

En cuanto a la revisión de las resoluciones interlocutorias mediante peticiones de *certiorari* ante los tribunales apelativos en los procesos desarrollados bajo la Ley Núm. 2, es norma sentada que estos recursos tienen que pasar por el crisol de las limitaciones jurisdiccionales pautadas en el caso de *Dávila, Rivera v. Antilles Shipping, Inc.*[23], antes de que podamos aplicar los criterios que impone la Regla 40 del Reglamento del Tribunal de Apelaciones para dirigir la activación de nuestra jurisdicción discrecional en estos recursos[24].

En el caso de *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, el Tribunal Supremo se enfrentó a la interrogante de "si la economía procesal, entendida como la necesidad de evitar el paso por todo el proceso judicial cuando se haya cometido un error perjudicial por medio de una resolución interlocutoria, tiene mayor peso que el carácter sumario que los legisladores le imprimieron al proceso instituido por la Ley 2"[25]. El Alto Foro contestó esa interrogante en la negativa, al concluir que la Asamblea Legislativa no tuvo la intención expresa de proveer un mecanismo de revisión directa de las resoluciones interlocutorias en los casos incoados bajo la Ley Núm. 2 de 1961. Al analizar el historial legislativo de esta ley especial, concluyó que no se mencionó la posibilidad de que tales resoluciones interlocutorias fueran revisables, porque ello sería contrario al carácter sumario del procedimiento. Por tanto, **de modo enfático, limitó la facultad de este foro apelativo para revisar tales determinaciones**[26].

En reiteradas ocasiones la jurisprudencia ha reconocido que los tribunales deben dar estricto cumplimiento a esta política

---

[23] 147 DPR 483 (1999).
[24] 4 LPRA Ap. XXII-B, R. 40.
[25] *Íd.*, en la pág. 494.
[26] *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, pág. 497.

pública y cumplir con sus propósitos[27]. Ahora bien, hay que destacar que el Tribunal Supremo también resolvió que esa norma no es absoluta, por lo que, en aquellos casos en los que la resolución interlocutoria impugnada haya sido dictada de forma *ultra vires* o sin jurisdicción por el Tribunal de Primera Instancia, este Foro Apelativo podrá activar su jurisdicción discrecional para revisarla[28]. También podrá intervenir en "aquellos casos en [los] que la revisión inmediata, en esa etapa, disponga del caso, o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una 'grave injusticia'[29].

No hay duda de que el historial legislativo de la Ley Núm. 2 destaca puntualmente la política pública a favor de la tramitación sumaria de los procesos judiciales en los que han de ventilarse las reclamaciones laborales y establece que el propósito de esta medida es propiciar la celeridad en la solución de estos pleitos. Desprovisto del carácter sumario, el procedimiento de la Ley Núm. 2 "resulta un procedimiento ordinario más, en el cual la adjudicación final que oportunamente recaiga resulta incompatible con alcanzar, en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial[30]."

Por otro lado, el Tribunal Supremo de Puerto Rico volvió a considerar los procesos y los plazos disponibles para las resoluciones y órdenes interlocutorias en los casos tramitados ante el Tribunal de Primera Instancia al amparo de la Ley. Núm. 2, *supra*[31]. En este caso normativo, por voz de la Jueza Presidenta Oronoz Rodríguez, se estableció lo siguiente:

> Debido a la naturaleza sumaria de los procedimientos al amparo de la Ley Núm. 2, *supra*, la aplicación del término provisto por las Reglas de Procedimiento Civil

---

[27] *Íd.*, pág. 492; *Rivera v. Insular Wire Products Corp., supra*; *Santiago Pérez v. Palmas del Mar Prop.*, 143 DPR 886, 891-892 (1997).
[28] *Dávila, Rivera v. Antilles Shipping, Inc., supra*, pág. 497.
[29] *Íd.,* pág. 498.
[30] *Díaz v. Hotel Miramar Corp.*, 103 DPR 314, 316 (1975).
[31] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016).

para revisar resoluciones u órdenes interlocutorias —a saber, treinta (30) días— resultaría en un absurdo procesal. Véase Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V. Se estaría permitiendo un término más largo —30 días— cuando se recurre de una resolución interlocutoria, que los diez (10) y veinte (20) días que aplican a las sentencias finales. Asimismo, la figura de la reconsideración interlocutoria es incompatible con el procedimiento provisto por la Ley Núm. 2, *supra*. Entre otras razones, pues se daría la anomalía de proveerle a las partes un término mayor para solicitar reconsideración que el provisto para la revisión de determinaciones finales por la Ley Núm. 2, *supra*[32].

Dichas normas fomentarían la presentación de recursos interlocutorios, dilatando así la adjudicación de controversias laborales al amparo de la Ley Núm. 2, *supra*. Este proceder atenta contra la clara intención legislativa de proveer un "mecanismo procesal, de naturaleza sumaria, para lograr la rápida consideración y adjudicación de las reclamaciones laborales instadas por empleados en contra de sus patronos". Exposición de Motivos de la Ley Núm. 133-2014.

Por ello, resolvemos que el término para revisar aquellas determinaciones interlocutorias que, bajo los criterios restrictivos establecidos en *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, puedan ser revisadas, debe ser análogo al dispuesto en la Ley Núm. 133-2014, *supra*, para la revisión de sentencias ante los foros superiores. A saber, diez (10) días para las revisiones interlocutorias presentadas ante el Tribunal de Apelaciones y veinte (20) días para aquellas revisiones interlocutorias presentadas ante este Tribunal. Véase Art. 2 de la Ley Núm. 133-2014. Esa es la interpretación más cónsona con el propósito de la legislación de que las controversias laborales se tramiten de forma expedita[33].

Apoya nuestra determinación el hecho de que la señora Medina Nazario, mediante la presentación de mociones de reconsideración y peticiones de *certiorari*, ha extendido el trámite del pleito por más de un año. Tal proceder atenta contra la clara política pública del Estado de "tramitar las reclamaciones laborales con prontitud, sin dilaciones que pudieran frustrar los fines de la justicia". *Berríos Heredia v. González*, 151 DPR 327, 339 (2000). El procedimiento al amparo de la Ley Núm. 2, *supra*, desprovisto "de esa característica sumaria, resultaría un procedimiento ordinario más, incompatible con el mandato legislativo". *Lucero v. San Juan Star*, 159 DPR 494, 505 (2003); véase *Aguayo Pomales v. R & G Mortg.*, 169 DPR 36, 43 (2006).

En última instancia, la interpretación adoptada en el día de hoy favorece a los empleados y obreros quienes podrán ser resarcidos con mayor prontitud cuando sus patronos hayan vulnerado sus derechos[34]. (Énfasis suplido).

La doctrina legal sentada en este caso nos dice que, solamente, y **por vía de excepciones muy particulares**, podremos

---

[32] A saber, quince (15) días para reconsiderar y diez (10) para acudir ante el Tribunal de Apelaciones.

[33] Además, al uniformar los términos para la presentación de un *certiorari* interlocutorio a los provistos para la revisión de determinaciones finales bajo la Ley Núm. 2, *supra*, se evita la confusión de tener tres términos distintos para acudir a los foros revisores.

[34] *Medina Nazario v. McNeil Healthcare LLC, supra*, págs. 735-737.

revisar una resolución interlocutoria de un procedimiento supeditado a la Ley Núm. 2 de 1961, cuando se cumplan los requisitos establecidos en el caso de *Dávila, Rivera v. Antilles Shipping, Inc.* Es decir, activaremos nuestra facultad discrecional para expedir el auto de *certiorari*, **únicamente** cuando la resolución recurrida esté enmarcada en una de las siguientes instancias: *(1) sea contraria a la ley; (2) el tribunal primario no tenía jurisdicción para entender sobre ella; (3) el tribunal revisor puede evitar un fracaso de la justicia; o (4) nuestra intervención pondría punto final al caso.*

A su vez, se ha resuelto que el trámite sumario de esta Ley se instituyó con el ánimo de remediar la inequidad económica existente entre las partes y esta pieza legislativa fue diseñada para favorecer más al obrero que al patrono sin privarle a este último de su derecho a defenderse adecuadamente[35]. Por tener el procedimiento sumario establecido en la Ley 2 un carácter reparador, éste tiene que interpretarse liberalmente a favor del empleado[36]. Sin embargo, las disposiciones de la Ley 2 le conceden al patrono las oportunidades básicas para defenderse, cumpliendo así con las garantías del debido proceso de ley[37].

Con respecto a la limitación sobre el uso de los mecanismos de descubrimiento de prueba en los procesos llevados bajo la Ley 2, expresa la Sección 3 de la misma que: En los casos que se tramiten [bajo la Ley 2] se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido en las secs. 3118-3132 de este título. Disponiéndose, en relación con los medios de descubrimiento anteriores al juicio autorizados por las Reglas de Procedimiento Civil, que la parte querellada no

---

[35] *León v. Rest. El Tropical*, 154 DPR 249 (2001).
[36] *Izaga Santos v. Family Drug Center,* 182 DPR 463 (2011).
[37] *Ocasio v. Kelly Servs., Inc.,* 163 DPR 653 (2005).

podrá usarlos para obtener información que debe figurar en las constancias, nóminas, listas de jornales y demás récords que los patronos vienen obligados a conservar en virtud de las disposiciones de la Ley de Salario Mínimo y los reglamentos promulgados al amparo de las mismas excepto cualquier declaración prestada o documento sometido por la parte querellante en cualquier acción judicial; y que ninguna de las partes podrá someter más de un interrogatorio o deposición ni podrá tomar una deposición a la otra parte después que le haya sometido un interrogatorio, ni someterle un interrogatorio después que le haya tomado una deposición, excepto que medien circunstancias excepcionales que a juicio del tribunal justifiquen la concesión de otro interrogatorio u otra deposición. No se permitirá la toma de deposición a los testigos sin la autorización del tribunal, previa determinación de la necesidad de utilizar dicho procedimiento[38]. Cabe señalar que las limitaciones al descubrimiento de prueba en la Ley 2 surgen a raíz de la preocupación del legislador por la interpretación que se le dio a la ley anterior de reclamación de salarios, la Ley Núm. 10 de 14 de noviembre de 1917, que le permitía al patrono realizar un descubrimiento de prueba tan completo como el que permiten las Reglas de Procedimiento Civil[39]. A esos efectos, nuestro Tribunal Supremo ha resuelto que el descubrimiento de prueba bajo la Ley 2 está estrictamente limitado, ya que el legislador pretendió asegurar que mediante ningún mecanismo pudiera desvirtuarse el carácter sumario y de rápida resolución que impregna todo el procedimiento provisto en la Ley[40].

---

[38] Ley 2, 32 LPRA sec. 3120.
[39] *Dávila, Rivera v. Antilles Shipping, Inc., supra.*
[40] *Alfonso Brú v. Trane Export, Inc., supra*; *Dávila, Rivera v. Antilles Shipping, Inc., supra.*

**-B-**

Las Reglas 701 a la 709 de las Reglas de Evidencia de Puerto Rico[41], preceptúan todo lo relacionado a las opiniones y testimonio pericial. Particularmente, conforme a la Regla 702 de dicho estatuto, el perito es una persona quien, por su conocimiento científico, técnico o especializado puede formar una opinión que sea útil para el juzgador de los hechos[42]. Por ello, "[c]omo cualquier otro testigo, la función del perito es dar a conocer la verdad, derivada de su conocimiento especializado"[43].

## III.

En su recurso, Solar Now nos solicita que revoquemos la determinación interlocutoria que le permite a la parte recurrida presentar el testimonio del perito, señor Acha Medina. Sostiene que el testimonio pericial del señor Acha Medina no es adecuado ni busca ayudar al TPI, sino que versa en la aplicación de la ley de forma errada, llegando a conclusiones que solo le corresponden al foro primario.

Por otro lado, la parte recurrida alega que no están presente las circunstancias extraordinarias que permitirían la revisión de la *Resolución* y que es prematuro el argumento de Solar Now, esto, a base de las Reglas de Evidencia[44], por lo que no procede su revisión.

Tras examinar el expediente en su totalidad y a la luz del derecho antes citado sobre el alcance de nuestra función revisora en asuntos de naturaleza interlocutoria y en aquellos casos de índole laboral sumario, entendemos que no están presente ninguno de los criterios de la Regla 40 que justifiquen nuestra intervención con la decisión del foro primario en este momento. Debemos recordar que los foros apelativos no deben pretender administrar ni manejar el

---

[41] 32 LPRA Ap. V.
[42] *SLG Font Bardón v. Mini-Warehouse,* 179 DPR 322, 338 (2010).
[43] *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023).
[44] 32 LPRA Ap. VI, R.703.

trámite regular de los casos ante el foro primario[45]. Por lo tanto, impera la norma de deferencia, limitándose nuestra función revisora a intervenir sólo cuando nos convencemos de que medió arbitrariedad, prejuicio, parcialidad o un exceso en el uso de discreción. Por ello, denegamos expedir el auto solicitado.

## IV.

Por los fundamentos que anteceden, **denegamos** la expedición del auto de *certiorari* solicitado por Solar Now.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[45] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).