Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| NOLLIAM ASENCIO VÉLEZ<br><br>Querellante Peticionaria<br><br><br>v.<br><br><br>LABORATORIO CLINÍCO IRIZARRY GUASCH, INC. Y OTROS<br><br>Querellados Recurridos | KLCE202400772 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.:<br>MZ2024CV00328<br>(Salón 206)<br><br>Sobre:<br>Acoso Laboral y Otros |

Panel especial integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece la señora Nolliam Asencio Vélez (señora Asencio Vélez o peticionaria) vía *certiorari* y solicita que revoquemos la Resolución del Tribunal de Primera Instancia, Sala Superior de Mayagüez, emitida el 9 de mayo de 2024. En dicho dictamen, se convirtió un procedimiento sumario a un trámite ordinario civil. Por los fundamentos que expondremos, denegamos expedir el auto de *certiorari*.

En síntesis, el caso de epígrafe trata de una querella por acción civil y cobro de dinero. Según el expediente, la señora Asencio Vélez trabajó para el Laboratorio Clínico Irizarry Guasch, Inc. (Laboratorio Clínico) y Lab Warehouse, Inc. (Lab Warehouse) desde el 16 de marzo de 2021 hasta el 5 de marzo de 2023 como Gerente de Recursos Humanos (*HR Manager*), aunque el contrato de empleo fue con el

Laboratorio Clínico. El 4 de julio de 2022, la Lcda. Shirley Sánchez Irizarry (Lcda. Sánchez Irizarry), quien fungía como Directora Legal y de Recursos Humanos, le notificó a la peticionaria que pasaba de ser empleada exenta a empleada regular por hora.

Sin embargo, según la señora Asencio Vélez y el *Informe Psicológico* de la Dra. Jackeline Rosado Vázquez (Dr. Rosado Vázquez), la peticionaria fue víctima de acoso laboral en Lab Warehouse, cual creó y mantuvo un ambiente hostil, degradante y humillante hacia la peticionaria y, por consecuencia, socavó su autoestima laboral. Por tanto, la señora Asencio Vélez presentó su renuncia el 5 de marzo de 2023, la cual fue aceptada por el señor José Rafael Sánchez Zayas (señor Sánchez Zayas), Presidente de ambas empresas, en carta bajo el logo de Laboratorio Clínico y en el cual negó que la peticionaria haya sufrido de acoso laboral y adujo que esta estaba meramente molesta e insatisfecha con los directivos de la empresa.

Por todo lo transcurrido, la señora Asencio Vélez radicó querellas, acompañadas de declaraciones juradas, contra (1) la señora Nereida Rodríguez Lugo (señora Rodríguez Lugo), Supervisora Técnica General de los laboratorios; (2) el señor José Sánchez Irizarry (señor Sánchez Irizarry), Director de Mantenimiento de Facilidades; y (3) la señora Nilsa Irizarry Guasch (señora Irizarry Guasch), Secretaria de Laboratorios Clínicos.

Luego de ambas partes acudir al Centro de Mediación y Conflictos del Centro Judicial de Mayagüez, cual no dio resultados positivos, la peticionaria presentó una querella el 27 de febrero de 2024 contra Laboratorio Clínico, Lab Warehouse, la señora Irizarry Guasch, el señor Sánchez Irizarry, la señora Rodríguez Lugo y el señor Sánchez

Zayas (conjuntamente "recurridos"). En dicha querella, la señora Asencio Vélez solicitó compensación por los salarios dejados de recibir, así como el lucro cesante hasta la edad de retiro, los serios trastornos emocionales causados y una variedad de daños y perjuicios ocasionados, entre otros. Además, la peticionaria se acogió al procedimiento sumario de reclamación laboral dispuesto en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961 (32 LPRA sec. 3118 *et seq.*).

No obstante, los recurridos solicitaron que se tramitara el caso en su totalidad por la vía civil ordinaria o, en su defecto, se permitiera un descubrimiento de prueba mucho más amplio que el que dispone la Ley Núm. 2. Luego de varias réplicas y dúplicas entre las partes—en las cuales se incluyeron argumentos, entre otros, sobre la cantidad de prueba que las partes están permitidas descubrir al amparo de la Ley Núm. 2—el foro primario resolvió y ordenó el trámite del caso a la vía ordinaria. Ante la moción de reconsideración de la señora Asencio Vélez, el foro primario resolvió sin lugar.

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el foro primario erró al abusar de su discreción mediante (1) la conversión del procedimiento a uno ordinario sin fundamentar su determinación; y (2) la eliminación sin justificación de la jurisprudencia aplicable a casos laborales presentados al amparo del procedimiento sumario.

En oposición, los recurridos argumentan, en esencia, que el foro primario no erró (1) al existir la necesidad de los recurridos utilizar distintos métodos de descubrimiento de prueba, la participación de peritos, la existencia de causas de acción en daños y perjuicios al

amparo de las *Reglas de Procedimiento Civil* y que hay terceros demandados personalmente que no tienen control, acceso ni custodia de ningún documento, particularmente por la peticionaria tener la mayoría de la prueba de sus causas de acción; (2) la determinación de convertir el proceso en uno ordinario se hace con cautela y basado en la experiencia del foro primario, lo cual ayuda a prevenir privarle a las partes querelladas de derechos esenciales; y (3) al este Tribunal tener que deferir a la decisión del foro primario.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics Products of PR, LLC v. Medshape, Inc. et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *Fernández Martínez et al. v. RAD-MAN San Juan III-*

*D, LLC et al.*, 208 DPR 310 (2021) (citando a *SGL Torres Matundan v. Centro de Patología Avanzada*, 193 DPR 920, 933 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera et al. v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean International News*, 151 DPR 649, 664 (2000)).

Por otro lado, cabe destacar que toda reclamación laboral contra un patrono se tramitará mediante el procedimiento sumario de la Ley Núm. 2, siempre y cuando se inste una querella por cualquier derecho, beneficio o suma por concepto de compensación por trabajo o labor realizados o cuando se haya despedido al obrero sin justa causa. Sec. 1 de la Ley Núm. 2 (32 LPRA sec. 3125). Por la revisión de resoluciones interlocutorias ser contraria al carácter sumario del procedimiento laboral, se requiere que la parte que pretenda impugnar tales determinaciones en un procedimiento bajo la Ley Núm. 2 espere a que se dicte sentencia final en el caso para entonces presentar un recurso a base del error alegado. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021) (citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999)). Como excepciones, son revisables por el foro apelativo aquellas determinaciones interlocutorias dictadas en un procedimiento laboral sumario cuando: (1) el foro primario haya actuado sin jurisdicción; (2) la revisión inmediata disponga del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. Íd. (citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*).

Ahora bien, los tribunales tienen la discreción para decidir si una querella presentada en virtud de la Ley Núm. 2 debe seguir el trámite sumario o por la vía ordinaria. *Rosado Reyes v. Global Healthcare*

*Group, LLC*, 205 DPR 796 (2020) (citando a *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018)). Del Tribunal no emitir una decisión sobre la continuación de los procedimientos por la vía ordinaria, se entenderá que el caso seguirá el procedimiento sumario. Íd. (citando a *Ruiz Camilo v. Trafon Group, Inc.*, *supra*; C. Zeno Santiago y V.M. Bermúdez Pérez, *Tratado de Derecho del Trabajo*, San Juan, Pubs. JTS, 2003, T. I, pág. 316).

No obstante, la determinación final de los tribunales debe hacerse según el criterio de justo balance entre los intereses del patrono y los del obrero querellante, a la luz de las circunstancias específicas de las reclamaciones en la querella. *Ocasio v. Kelly Servs*. 163 DPR 653 (2005). Tal criterio no puede depender en la mera alegación de que la reclamación es compleja, más bien requiriendo que las partes expongan todas las circunstancias pertinentes del caso para que sean examinadas por los tribunales, cual puede incluir la dilucidación de la controversia mediante una vista judicial. Íd.

A raíz de ello, la Ley Núm. 2 dispone que el procedimiento sumario al amparo de esta concederá a las partes la mayor amplitud que sea posible. Sec. 7 de la Ley Núm. 2 (32 LPRA sec. 3125). Particularmente, la parte querellada no podrá usar los medios de descubrimiento de prueba autorizados por las *Reglas de Procedimiento Civil* para obtener información que debe figurar en las constancias, nóminas, listas de jornales y demás récords que los patronos vienen obligados a conservar. Íd., sec. 3120. Véase, también, Ley Núm. 47-2021 (29 LPRA sec. 261 *et seq.*). De manera de excepción, la parte querellada podrá obtener información de cualquier declaración prestada o documento sometido por la parte querellante en cualquier acción

judicial. Sec. 3 de la Ley Núm. 2, *supra*. Sin embargo, ninguna de las partes podrá someter más de un interrogatorio o deposición, ni podrá tomar deposición a la otra parte después que le haya sometido un interrogatorio o viceversa, excepto cuando medien circunstancias excepcionales que a juicio del tribunal justifiquen la concesión de otro interrogatorio u otra deposición. Íd.

Sin embargo, los tribunales tienen la discreción para flexibilizar las limitaciones que la Ley Núm. 2 impone al patrono en cuanto al descubrimiento de prueba. *Vizcarrondo Morales v. MVM, Inc. et al.*, 174 DPR 921 (2008) (citando a *Berríos v. González et al.*, 151 DPR 327 (2000)). En casos que involucren una causa de acción por angustias mentales, ambas partes deberán colocar a los tribunales en condiciones de examinar si la justa adjudicación de la reclamación amerita la prolongación del descubrimiento de prueba, tal como (1) exponer si los hechos requieren tomar deposiciones a múltiples testigos; (2) si a la luz de las alegaciones se requerirá la presentación de prueba pericial particularmente compleja; y (3) si resulta necesario el examen de expedientes médicos o la realización de exámenes físicos. *Berríos v. González et al.*, *supra*. De encontrarse que el descubrimiento de prueba dentro de un proceso sumario crearía un riesgo substancial de que se produzca una determinación errónea de la valoración de los daños, entre otras circunstancias, podrá ser necesario convertir no solo el proceso concierne las angustias mentales en ordinario, sino también las otras causas en controversia. Íd. (citando la Regla 1 de Procedimiento Civil, *supra*).

En este caso, no encontramos que el Tribunal de Primera Instancia haya abusado de su discreción al convertir el trámite procesal

en uno ordinario. El expediente demuestra causas de acción—tal como la de angustias mentales—que podrán requerir estudio y testimonio de peritos alternos, más que varios empleados de las empresas querelladas testifiquen sobre los hechos en controversia. Por tanto, en consideración del balance de intereses entre las partes y la decisión del foro primario, no se crearía una grave injusticia al tramitar el proceso por la vía ordinaria.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones