Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (OATA-2025-016)[1]

| | | |
|---|---|---|
| FERNANDO ENRIQUE CORTÉS CASTRO<br><br>Recurrida<br><br>v.<br><br>FERROVIAL CONSTRUCTION PR LLC, FERROVIAL CONSTRUCTION S.A. (ENTIDAD DE ESPAÑA), JOSÉ R. CAMPO PÉREZ Y OTROS<br><br>Peticionarios | KLCE202500006 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2024CV08429<br><br>Sobre: Despido Injustificado (Ley Núm. 80), Ley de Represalia en el Empleo (Ley Núm. 115-1991), Procedimiento Sumario bajo Ley Núm. 2, Daños, Violación de Derechos Civiles |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de febrero de 2025.

Comparece Ferrovial Construcción PR, LLC. (Ferrovial o querellada) vía *certiorari* y solicita que revoquemos la *Orden* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 19 de diciembre de 2024. En dicho dictamen, el foro primario declaró sin lugar la *Solicitud de Conversión al Procedimiento Ordinario* presentada por Ferrovial. Por los fundamentos que expondremos, se expide el auto de *certiorari* y se revoca la *Orden* recurrida.

---

[1] Debido a que, desde el 6 de febrero de 2025, la Hon. Camille Rivera Pérez dejó de ejercer funciones como Jueza del Tribunal de Apelaciones, mediante la OATA-2025-016, se modificó la integración del Panel en el recurso de epígrafe.

Número Identificador

RES2025 _____

En síntesis, el caso de epígrafe trata sobre una querella por despido injustificado y otras reclamaciones. Según surge del expediente, el señor Fernando Enrique Cortés Castro (señor Cortés o querellante) trabajó para Ferrovial desde el 10 de febrero de 2015 hasta el 13 de septiembre de 2023 como Gerente de Seguridad y Salud Ocupacional. Así las cosas, el querellante explicó que, tras varias irregulares a las normas de seguridad, leyes y reglamentos de la compañía, presentó ante el gerente general de Ferrovial objeciones y quejas por dichas irregularidades. Expresó que, luego de haber presentado las mencionadas quejas, comenzó a recibir un patrón de maltrato, marginación, humillación, ambiente hostil laboral y represarías en su contra. Hasta que, finalmente fue despedido de Ferrovial.

En respuesta, Ferrovial presentó la *Contestación a la Querella*, en la cual explicó que, el querellante mantuvo una actitud de deshonestidad, falta de ética, abuso de discreción y ambiente intolerable para sus subordinados en la compañía. Además, la querellada expresó que el señor Cortés se apropió de información indebida de Ferrovial. Por tanto, sostuvo que el despido de éste fue justificado.

Luego de varios incidentes procesales, la querellada presentó una *Solicitud de Conversión al Procedimiento Ordinario*. En esencia, alegó que la querella de epígrafe aduce controversias particularmente complejas. Además, trae al pleito miembros de las sociedades de gananciales que no fueron sus patronos e incluye información de la etapa investigativa que no está en los archivos de Ferrovial. Por lo cual,

planteó que el pleito debía dilucidarse bajo un procedimiento judicial ordinario.

Luego de varias réplicas y dúplicas entre las partes—en las cuales se incluyeron argumentos, entre otros, sobre la cantidad de prueba que las partes están permitidas descubrir al amparo de la Ley Núm. 2—el foro primario declaró sin lugar la solicitud de Ferrovial. En desacuerdo, la querellada recurre ante este Tribunal y alega que erró el foro primario al negarse a convertir el caso autos a uno ordinario.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics Products of PR, LLC v. Medshape, Inc. et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *Fernández Martínez et al. v. RAD-MAN San Juan III-*

*D, LLC et al.*, 208 DPR 310 (2021) (citando a *SGL Torres Matundan v. Centro de Patología Avanzada*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112 (2006) (Sentencia); *Rivera et al. v. Banco Popular*, 152 DPR 140 (2000); *Meléndez Vega v. Caribbean International News*, 151 DPR 649 (2000)).

Por otro lado, cabe destacar que toda reclamación laboral contra un patrono se tramitará mediante el procedimiento sumario de la Ley Núm. 2, siempre y cuando se inste una querella por cualquier derecho, beneficio o suma por concepto de compensación por trabajo o labor realizados o cuando se haya despedido al obrero sin justa causa. Sec. 1 de la Ley Núm. 2 (32 LPRA sec. 3118). Por la revisión de resoluciones interlocutorias ser contraria al carácter sumario del procedimiento laboral, se requiere que la parte que pretenda impugnar tales determinaciones en un procedimiento bajo la Ley Núm. 2 espere a que se dicte sentencia final en el caso para entonces presentar un recurso a base del error alegado. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021) (citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999)). Como excepciones, son revisables por el foro apelativo aquellas determinaciones interlocutorias dictadas en un procedimiento laboral sumario cuando: (1) el foro primario haya actuado sin jurisdicción; (2) la revisión inmediata disponga del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. Íd. (citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*).

Ahora bien, los tribunales tienen la discreción para decidir si una querella presentada en virtud de la Ley Núm. 2 debe seguir el trámite

sumario o por la vía ordinaria. *Rosado Reyes v. Global Healthcare Group, LLC*, 205 DPR 796 (2020) (citando a *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018)). Del Tribunal no emitir una decisión sobre la continuación de los procedimientos por la vía ordinaria, se entenderá que el caso seguirá el procedimiento sumario. *Íd.* (citando a *Ruiz Camilo v. Trafon Group, Inc.*, *supra*; C. Zeno Santiago y V.M. Bermúdez Pérez, *Tratado de Derecho del Trabajo*, San Juan, Pubs. JTS, 2003, T. I, pág. 316).

No obstante, la determinación final de los tribunales debe hacerse según el criterio de justo balance entre los intereses del patrono y los del obrero querellante, a la luz de las circunstancias específicas de las reclamaciones en la querella. *Ocasio v. Kelly Servs*. 163 DPR 653 (2005). Tal criterio no puede depender en la mera alegación de que la reclamación es compleja, más bien requiriendo que las partes expongan todas las circunstancias pertinentes del caso para que sean examinadas por los tribunales, cual puede incluir la dilucidación de la controversia mediante una vista judicial. *Íd.*

A raíz de ello, la Ley Núm. 2 dispone que el procedimiento sumario al amparo de esta concederá a las partes la mayor amplitud que sea posible. Sec. 7 de la Ley Núm. 2 (32 LPRA sec. 3125). Particularmente, la parte querellada no podrá usar los medios de descubrimiento de prueba autorizados por las *Reglas de Procedimiento Civil* para obtener información que debe figurar en las constancias, nóminas, listas de jornales y demás récords que los patronos vienen obligados a conservar. Íd., sec. 3120. De manera de excepción, la parte querellada podrá obtener información de cualquier declaración prestada

o documento sometido por la parte querellante en cualquier acción judicial. Sec. 3 de la Ley Núm. 2, *supra*. Sin embargo, ninguna de las partes podrá someter más de un interrogatorio o deposición, ni podrá tomar deposición a la otra parte después que le haya sometido un interrogatorio o viceversa, excepto cuando medien circunstancias excepcionales que a juicio del tribunal justifiquen la concesión de otro interrogatorio u otra deposición. *Íd.*

Sin embargo, los tribunales tienen la discreción para flexibilizar las limitaciones que la Ley Núm. 2 impone al patrono en cuanto al descubrimiento de prueba. *Vizcarrondo Morales v. MVM, Inc. et al.*, 174 DPR 921 (2008) (citando a *Berríos v. González et al.*, 151 DPR 327 (2000)). En casos que involucren una causa de acción por angustias mentales, ambas partes deberán colocar a los tribunales en condiciones de examinar si la justa adjudicación de la reclamación amerita la prolongación del descubrimiento de prueba, tal como (1) exponer si los hechos requieren tomar deposiciones a múltiples testigos; (2) si a la luz de las alegaciones se requerirá la presentación de prueba pericial particularmente compleja; y (3) si resulta necesario el examen de expedientes médicos o la realización de exámenes físicos. *Berríos v. González et al.*, *supra*. De encontrarse que el descubrimiento de prueba dentro de un proceso sumario crearía un riesgo substancial de que se produzca una determinación errónea de la valoración de los daños, entre otras circunstancias, podrá ser necesario convertir no solo el proceso concierne las angustias mentales en ordinario, sino también las otras causas en controversia. *Íd.* (citando la Regla 1 de Procedimiento Civil, *supra*).

En el caso de autos, el Tribunal de Primera Instancia excedió su discreción al denegar la *Solicitud de Conversión al Procedimiento Ordinario* presentada por Ferrovial. Aunque los tribunales tienen discreción para decidir si una querella presentada en virtud de la Ley Núm. 2 debe seguir el trámite sumario o continuar por la vía ordinaria, en un caso que, como aquí, figuran demandados partes que ni siquiera forman parte de la relación laboral y cuya presencia comporta una dimensión de complejidad adicional a la obrero patronal, no procede condicionar el pleito al carácter sumario del litigio bajo la Ley 2.

En consecuencia, se expide el auto de *certiorari*, se revoca en el sentido expuesto y se ordena la continuación del procedimiento ante el Tribunal de Primera Instancia por la vía ordinaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones